Hon. JNO H. BURFORD, Chief Justice.
Hon. BAYARD T. HAINER,
Hon. BENJ. F BURWELL,
Hon. CLINTON F. IRWIN,           Associate Justices.
Hon. FRANK E. GILLETTE,
Hon. J. L. PANCOAST,
Hon. M. C. GARBER,

---

R. A. WRIGHT v. THE UNITED STATES OF AMERICA

(Filed June 13, 1907.)

MURDER—Indictment For—When Sufficient. Where the charging part of an indictment for murder is in one sentence and the word "feloniously" used in relation to the assault is so connected with the subsequent portions of the sentence as to modify them by a fair and reasonable interpretation, it is not necessary to repeat the word "feloniously" in connection with each act necessary to constitute the crime; but if the pleader uses words to describe the intent with which the mortal wound was

inflicted, other than those used to charge the intent with which the assault was made, the words "then and there" used in connecting the infliction of the mortal wound with the felonious assault, will be interpreted to refer to time and place merely, and not as a vehicle to carry the intent with which the assault was made through the indictment so as to modify the intent in making the mortal wound.

(Syllabus by the Court.)

*Error from the District Court of Caddo County; before, Frank E. Gillette, Trial Judge.*

*Whitaker & Whitaker* and *Glitsch, Morgan & Glitsch* for plaintiff in error.

*Horace Speed, U. S. Att'y,* for defendant in error.

Opinion of the court by

BURWELL, J.: On April 6th, 1906, the defendant R. A. Wright, was indicted for the murder of William Slattery. It is alleged that the crime was committed within Kiowa county, but on an Indian reservation; Hence the case is prosecuted in the name of the United States.

The defendant was duly arraigned and, after demurring to the indictment and receiving an adverse ruling, he entered his plea of not guilty. A change of venue was taken to Caddo county, where a trial was had, which resulted in a conviction of murder, and the punishment fixed at death. Proper exceptions having been saved, an appeal was taken to this court.

The only error urged is that the indictment is not sufficent to charge the crime of murder, in that it does not allege that the defendant did "feloniously" commit each step necessary to constitute the crime.

The indictment, omitting the formal parts, is in the following language:

"The grand jurors of the United States of America, within and for said county, having been duly empanelled sworn and charged to inquire into and true presentment make of all public offenses against the laws of the United States of America, committed or triable within said county, in said Territory of Oklahoma, upon their oaths aforesaid, in the name and by the authority of the United States of America, do find and present:

"That on, to wit: the 13th day of November, in the year of Our Lord one thousand nine hundred and four, in the Indian reservation, commonly known as the 'Indian Pasture,' which was then and there an Indian reservation under the laws of the United States, and under the sole and exclusive jurisdiction of the United States, in said county, and within the jurisdiction of this court, R. A. Wright, who was then and there a white man, not an Indian, then and there being, did, then and there, unlawfully, wilfully and feloniously, with force and arms, against and upon the body of William Slattery, a human being in the peace of the United States, did make an assault, and a certain shotgun then and there loaded with gunpowder and certain leaden balls, and then there held in the hands of said Wright, he, the said Wright, deliberately, of malice aforethought, and with the premeditated design to effect the death of said Slattery, and without authority of law, at, against and into the body of said Slattery did then and there shoot off and discharge, and by the means of the leaden balls so discharged out of the gun aforesaid at and into the body of the said Slattery, the said Wright did then and there inflict in and upon the body of said Slattery, two mortal wounds, each of the width of one inch and of the depth of six inches, of which mortal wounds said Slattery then and there did instantly die. Contrary to the form of the statute in such case

made and provided and against the peace and dignity of the United States of America.

"Horace Speed,
"United States Attorney."

It is not necessary, in an indictment, to repeat, in connection with each act necessary to constitute the crime of murder, that the defendant did it "feloniously." The offense sought to be charged in this case is the common law offense of murder, and it is necessary to allege that the offense was committed "feloniously" or with a "felonious intent;" but if the word "feloniously", used in connection with the allegation of the assault, is so connected with the allegations of "shooting," "inflicting the mortal wound," "malice aforethought" and "intent to effect death," and "without authority of law, etc." as to fairly modify them, it need not be repeated.

Mr. Clark, in his work on Criminal Procedure, page 254, says:

"If the indictment allege that the defendant feloniously and of malice aforethought made an assault, and with a certain sword, etc., then and there struck, the previous omission will not be material for the words "feloniously and of malice aforethought" previously connected with the assault, are by the words then and there sufficiently applied to the murder."

Citing in support of the text the following cases: Chit. Crim. Law, 220; *Heydon's Case,* 4 Coke 41 b; 1 East: P. C. 346; *Buckler's Case,* 1 Dyer, 69 a. There are other cases sustaining this rule.

But does the indictment in this case come up to this standard? We think not. The words  "Then and there"

used in charging the infliction of the mortal wound must be regarded as referring to time and place merely, and not as carrying through the sentence the felonious intent charged regarding the assault, so as to also modify the allegation of the making of the mortal wound, because the pleader charges with particularity the specific intent with which the mortal wound was inflicted, leaving no room for the interpretation contended for. It is clear from a reading of the indictment that the pleader, instead of relying upon the intent charged regarding the assault, elected to describe the particular intent existing in the mind of the defendant when the mortal wound was inflicted; and, having undertaken to describe it, instead of relying upon the words "then and there" as carrying out the felonious intent already charged through the entire indictment, he is bound by the intent so charged in the latter description, and these words will not operate to supply any omission therein. In such circumstance, each charge as to the different acts must stand or fall alone.

The indictment fails to charge that the mortal wound was inflicted feloniously or with the felonious intent "to effect the death of the deceased," or "to kill and murder," etc. We have examined many cases bearing upon this point, and no matter what rule may have been adopted in prosecutions for murder under the statutes of the different states, there is no conflict where the indictment is for the common law crime of murder. The indictment must in such case charge, in positive language, that the mortal wound was feloniously inflicted. This may be done by so arranging the language as to make the word "feloniously" used in

charging the assault modify the different acts constituting the crime, or it may be repeated in the different portions of the indictment. In the case before us the word "feloniously" was not repeated nor is the language such that the court can fairly say that the word "feloniously" used in charging the assault is carried through the sentence so as to modify the other acts constituting the crime. The following authorities will throw some light upon the subject:

Wharton on Homicide (Third edition) page 873, sec. 573; *Dias v. The State,* 7 Blackf. (Ind.) 20; Archibold Crim. Prac. & Plead., vol. 1, 784, and foot notes; Cyc. vol. 22, page 331, sec. 7; *Ervington v. People* (Ill.) 54 N. E. 981; *St. Clair v. United States,* 154 U. S. 134; *Hall u. Com.* (Ky.) 26 S. W. 8; *State v. Clayton,* 13 S. W. 819; *Hannon and Mulkey v. United States,* 156 U. S. 464; Enc. of Plead. & Prac., vol. 10, p. 492, sec. c; *State v. Wilson,* (N. C.) 21 S. E. 692; *State v. Skidmore,* (N. C.) 14 S. E. 63; *State v. Whitt,* (W. Va.) 19 S. E. 873; *State v. Murphy,* (R. I.) 24 Atl. 473; *Bolen v. People,* (Ill.) 56 N. E. 403; *Cohen v. People,* (Colo) 3 Pac. 385.

The judgment of the district court is reversed and vacated, and case remanded with direction to the trial court to proceed in conformity herewith. Costs taxed to the United States.

Gillette, J., who presided in the court below, not sitting: all the other Justices concurring.