## SAMPSON DICK v. STATE.

No. A-1742.    Opinion Filed March 14, 1914.

(139 Pac. 322.)

1. **INDICTMENT AND INFORMATION**—Accusation—Essentials—Felonious Nature of Act. It is not necessary, in an indictment or information, to repeat, in connection with each act necessary to constitute the crime of murder, that the defendant did it "feloniously." It is sufficient where the word becomes a component part of the subsequent allegations. All that is necessary under our system of criminal pleading is that the statement be made in ordinary and concise language, embodying all the material ingredients of the offense.

2. **HOMICIDE**—Dying Declaration—Oral Evidence. Where a person, mortally wounded and without hope of recovery, under the solemn conviction of impending death, makes several complete statements at different times of material facts concerning the cause and circumstances of the homicide, one of which statements was reduced to writing, the prosecution is not confined to the written statement, but may offer oral evidence of the statements made at other times, whether the several statements were similar or not. Should any of such separate statements be inconsistent or contradictory, it is open to the defense to show the fact.

3. **CONTINUANCE** — Absent Witnesses — Preparation. A continuance sought in a murder case was properly denied, where accused was not brought to trial until January 11th following his arrest on October 27th and the motion for continuance did not give the names of the absent witnesses, and there was no showing that any effort had been made to prepare for trial, even though it appeared that accused had been confined in jail since his arrest.

*Appeal from District Court, Atoka County;*
*Robert M. Rainey, Judge.*

Sampson Dick was convicted of murder, and appeals. Affirmed.

*J. G. Ralls,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J. This appeal is prosecuted from a judgment and sentence entered on the 19th day of January, 1912, in accordance with the verdict of the jury, finding the defendant, Sampson Dick, guilty of murder and assessing his punishment at imprisonment in the penitentiary for life, at hard labor.

The evidence shows that the shooting occurred at the home of Howard Oscar, in Atoka county, about seven miles southeast of Wapanucka, on the 26th day of October, 1911, between the hours of 11 and 12 at night. Andy Williams, the deceased, died five days later. The immediate circumstances of the homicide, as disclosed by the record, are as follows: A supper was given there, and the defendant and the deceased and several others had gathered to participate in the festivities of the occasion. The defendant and the deceased had some words in the front room of the house. The defendant threatened to assault the deceased, and asked him to come out of the house with him. Howard Oscar interfered, and ordered the defendant out of the house because of the profane language he was using. The defendant went out, and as he went out he pulled a pistol from his clothes. This pistol he had borrowed that evening, when on his way there, from one Dave McCoy. As the defendant went out, William Keel followed right behind him and asked him for the pistol. It appears that the pistol belonged to R. E. Wade, at whose house both Keel and McCoy were then living. The defendant refused to turn over the pistol, but immediately turned and shot back through the open door at Andy Williams, who was standing in front of the fireplace. The bullet striking him in the right side, hitting the seventh rib, and being deflected downward, it passed through a lobe of the liver and lodged near the pelvis. The fact that the defendant fired the shot is testified to by William

Keel, who says he was standing on the outside within a few feet of him at the time. Keel is corroborated by several witnesses who were in the front room when the defendant went out, and who saw him draw the gun and saw the flash of the gun immediately after he went out. The state's witnesses are also corroborated by the defendant's witness, Willie Carr, who testified that the defendant was the man that shot Andy Williams. Carr was the only witness besides the defendant who testified in his behalf. The defendant, as a witness in his own behalf, denied that he fired the shot; testifying that he was around the corner of the house, and could not see who did the shooting. The issue in the case was therefore well defined; under the testimony of all the witnesses except the defendant, he was guilty of a willful, deliberate, and premeditated murder. If the defendant was to be believed, he was innocent.

The petition alleges numerous assignments of error. Nearly all of them have been commented upon in the lengthy brief filed by counsel for plaintiff in error, but no authority is cited in support of the numerous contentions therein made. We have concluded, for reasons to be stated, that none of the assignments of error necessitate a reversal of the judgment.

First, it is contended that the trial court erred in overruling the motion to strike the case from the trial docket and continue the same until the next term of court. We think this contention is without merit. The record discloses that this crime was committed on the 26th day of October, 1911, and that the defendant was arrested on the following day. On January 3, 1912, the county attorney filed an information in the district court, and on that date the defendant was arraigned and given 24 hours to plead. On January 5th, and before plea, the county attorney filed an amended information, and the defendant was arraigned and given 24 hours to plead. On January 6th, and before plea, the county attorney filed another amended information, and no further proceedings appear to have been taken until January 8th, when the defendant filed a motion to set aside the last information, which said motion was on the same day overruled. Thereupon the defendant filed a demurrer to said information,

which demurrer was on the same day overruled. Thereupon, on the same day, the defendant filed this motion to strike and continue the case. This motion was overruled and exception allowed. Thereafter, to wit, on January 11th, the case was called for trial in its regular order upon the assignment, and the state and the defendant both announced ready for trial. So that it clearly appears from the record that whatever objections the defendant may have had for entering upon the trial on January 8th were either removed or abandoned by him on January 11th, and he voluntarily entered upon his trial without any objection at that time. The defendant had from October 27, 1911, up until the 11th day of January, 1912, to prepare for trial, and he was accorded a preliminary examination in the meantime. It is not a sufficient excuse for nonpreparation to say that he was confined in jail, because in capital cases no bail is allowed where the proof is evident and the presumption great. The grounds set up in the motion are wholly insufficient to authorize a continuance. The names of the absent witnesses are not given, and there is no showing that the defendant or his counsel had made any effort since his arrest, and up until the time of the trial, to prepare for it. An application for continuance is addressed to the sound discretion of the trial court, and the record before us does not indicate an abuse of discretion in overruling the motion.

Second. It is argued by counsel for plaintiff in error that the court erred in overruling the demurrer to the information, and the motion in arrest of judgment, because the information is not sufficient to charge the crime of murder. The charging part of the information is as follows:

"That the said Sampson Dick did then and there commit the crime of murder, by then and there unlawfully, willfully, and feloniously, maliciously, and without authority of law, and with the premeditated design then and there to effect the death of one Andy Williams, then and there being, then and there did shoot and discharge leaden bullets into the body of him, the said Andy Williams, from a certain pistol which he, the said Sampson Dick, then and there had and held in his hand, then and thereby inflicting upon the body of him, the said Andy Williams,

a mortal wound of which said mortal wound, he, the said Andy Williams, then and there did languish and die."

While the information is rather inartistically drawn, we think it contains a sufficient charge of murder. The information, after stating venue and time, charges that the defendant then and there shot the deceased without authority of law, with the felonious intent and with the premeditated design then and there to effect his death, and that the death of the deceased was thereby produced. It is not necessary, in an information, to repeat, in connection with each act necessary to constitute the crime of murder, that the defendant did it "feloniously." It is sufficient where the word "feloniously" becomes a component part of the subsequent allegations. All that is necessary under our system of criminal pleading is a statement of the acts constituting the offense in ordinary and concise language, embodying all the material ingredients of the offense. *Blair v. State,* 4 Okla. Cr. 359, 111 Pac. 1003. The information being sufficient to charge the crime of murder, the demurrer and motion in arrest of judgment were properly overruled.

Several errors are assigned upon rulings of the court in the admission and rejection of evidence. A careful examination of the record has led us to the conclusion that these alleged errors are technical and without substantial merit. For instance, it is contended that the court erred in admitting the testimony of the doctor in attendance as to the dying declaration of the deceased, for the reason that upon his cross-examination the doctor admitted that the deceased had signed a written statement. The case of *Morris v. State,* 6 Okla. Cr. 29, 115 Pac. 1030, is decisive of the question. In the opinion in that case, it is said:

"We think the sound rule, supported by reason and authority, is that where statements of material facts concerning the cause and circumstances of the homicide are made at different times by the victim, under the solemn conviction of impending death, one of which was reduced to writing, the prosecution is not confined to the written statement, but may offer oral evidence of the statements made at other times, whether the several statements were similar or not."

Should any of such separate statements be inconsistent or contradictory, it is open to the defense to show the fact.

There are numerous other assignments of error, which we do not discuss because we deem them unimportant and without substantial merit.

A careful examination of the whole case leads us to the conclusion that the only debatable question in this case for the jury to consider was whether the defendant's punishment should be death or imprisonment for life.

Finding no reversible error in the record, the judgment of the district court of Atoka county is affirmed.

ARMSTRONG, P. J., and FURMAN, J., concur.