## NICK SANTINO v. STATE.

No. A-4528. Opinion Filed Feb. 7, 1925.
(232 Pac. 859.)

(Syllabus.)

1. **Punishment—Statute Fixing Same Minimum Punishment as Constitution, and Providing Maximum Punishment Valid.** Section 3, chapter 26, Session Laws 1913 (section 6996-7, Compiled St. 1921) is not in conflict with the state Constitution prohibiting the manufacture, sale, etc., of intoxicating liquor.

2. **Same—Constitutional Provision of Minimum Punishment for Violation of Liquor Laws not Depriving Legislature of Power to Make Violation Felony.** The provisions of the prohibitory liquor laws in the state Constitution, fixing a minimum punishment

at not less than 30 days imprisonment and not less than a fine of $50.00, does not deprive the Legislature of power to make a violation of said law a felony, so long as the act of the Legislature conforms to the minimum punishment fixed by the Constitution and is not otherwise objectionable.

3.   **Indictment and Information—Exact Words of Statute Defining Crime Need not be Used.**   The exact words of the statute defining a crime need not be used in an indictment or information charging it, but any words clearly and intelligently setting forth the offense are sufficient.

4.   **Same—Unnecessary to Charge that Sale of Liquor to Minor Was with Felonious Intent.**   In charging the commission of a crime for the sale of intoxicating liquor to a minor it is not necessary to charge that the sale was made with a felonious intent.

Appeal from District Court, Pittsburg County; Harve L. Melton, Judge.

Nick Santino was convicted of selling liquor to a minor, and he appeals.   Affirmed.

Counts & Counts, for plaintiff in error.

George F. Short. Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

EDWARDS, J.   The evidence disclosed that the plaintiff in error sold whisky to Bob Bonnett and three other young men, all under 21 years of age.   The plaintiff in error makes assignments as follows:   That the information does not state an offense for the reason that the law under which it is drawn is unconstitutional, and, if constitutional, the information is deficient in not charging that the acts were "feloniously" done; that the court erred in its charge; that the evidence is insufficient on the question of proof of the age of the person to whom it was alleged the whisky was sold.

As to the constitutionality of the law, being section 3, chapter 26, Session Laws of 1913 (section 6996-7, Compiled St. 1921), the plaintiff in error contends that

this act is in conflict with the prohibitory provisions of the state Constitution. This court, in the case of Nowakowski v. State, 6 Okla. Cr. 123, 116 Pac. 351, held that sections 4210 and 4211 of the Comp. Laws of 1909, were unconstitutional, being in conflict with the provision of the state Constitution fixing a minimum punishment, but expressly held therein that the Legislature had power to fix a maximum punishment.

Chapter 26, House Bill 46, of the Session Laws of 1913 (section 6996-7, Compiled St. 1921), on which this prosecution is based, meets the conditions suggested by the Nowakowski Case, supra. It will be noted that this latter act is not in conflict with the Constitution, but provides the same minimum punishment as the Constitution and fixes a maximum punishment. This the Legislature had the right to do, and the act is not for that reason unconstitutional.

In holding this act to be constitutional, we are not unmindful of the decision of this court in the case of Ex parte Smith, 24 Okla. Cr. 415, 218 P. 708, in which the court held unconstitutional chapter 1 of the Session Laws of 1923, being an act relating to stills, distilleries, etc. Although section 3 of the syllabus of said decision might be interpreted as a holding that the prohibitory liquor law section of the Constitution made the violation thereof a misdemeanor, and the Legislature without power to make such a violation a felony. The part of the constitutional provision prohibiting the sale of intoxicating liquor is self-executing, and, prior to any legislative enactment in aid of such constitutional provision, a misdemeanor. State v. Hooker, 22 Okla. 712, 98 P. 964; Ex parte Cain, 1 Okla. Cr. 7, 93 P. 974.

But in the case of Nowakowski v. State, supra, this court, speaking by Richardson, Special Judge, said:

"If our Constitution was silent upon the liquor question, or merely forbade its sale without prescribing any punishment therefor, certainly the Legislature, its authority extending 'to all rightful subjects of legislation,' would have power to make the sale of liquor a felony; and, that being true, why would a constitutional provision, which forbids the sale of liquor and fixes the minimum but not the maximum punishment therefor, prevent the Legislature from declaring the offense a felony? An enactment of that character may be so drawn as not to take from the Constitution one item or term contained therein, as not to authorize one thing which the Constitution forbids, or remit any of the punishment which the Constitution imposes; and, should it be so framed, then we fail to perceive wherein it would violate the Constitution. That instrument avowedly fixes only the minimum punishment for the offense, leaving the power to fix the maximum punishment limited only by the provision that such punishment must not be cruel or unusual. *.* *

"Certainly, if our Constitution had fixed the maximum, as it has fixed the minimum, punishment for this offense, the Legislature would have no more power to change such maximum punishment than it now has to change the minimum punishment so fixed; but, the Constitution not having declared the maximum punishment, it is within the power of the Legislature to declare the same; and assuredly the solicitude which the state ought to feel for the welfare of its future citizenship is ample warrant for making felonious the furnishing of intoxicating liquors to a minor."

We hold, therefore, that the Legislature had the power to declare and make the sale of intoxicating liquor to a minor a felony so long as the minimum punishment is that fixed by the Constitution and the maximum is not so unreasonable as to fall within any other inhibition of the Constitution.

The charging part of the information in this case is as follows: .

"* * * that Nick Santino did, in Pittsburg county,

state of Oklahoma, on or about the 11th day of February in the year of our Lord, one thousand, nine hundred and twenty-two, and anterior to the presentment hereof, then and there willfully, wrongfully, and unlawfully sell certain intoxicating liquor, to wit: about one quart of whisky to one Bob Bonnett, the said Bob Bonnett being then and there under the age of 21 years, contrary to the form of the statutes, in such cases made and provided, and against the peace and dignity of the state."

The plaintiff in error argues that as it is not charged that the plaintiff in error acted "feloniously," that the information is insufficient, citing Dick v. State, 10 Okla. Cr. 497, 139 P. 322, and Wright v. United States, 18 Okla. 510, 90 P. 732, 11 Ann. Cas. 995.

This court has held that an indictment or information charging a crime need not use the exact words of the statute in defining such crime. Castleberry v. State, 10 Okla. Cr. 504, 139 P. 132. The intent with which an act is committed is not material unless the statute defining the crime makes the intent with which the act is done an ingredient of the crime. The Legislature may forbid the doing of an act and make its commission criminal without regard to the intent of the doer, and when a person sells whisky it is a crime regardless of his intent. Lightle v. State, 5 Okla. Cr. 259, 114 P. 275. It is not essential to allege the sale was made with felonious intent. U. S. v. Staats, 49 U. S. (8 How.) 41, 12 L. Ed. 979; State v. Murphy, 17 R. I. 698, 24 A. 473, 16 L. R. A. 550.

While the plaintiff in error in his assignment states that the evidence is insufficient, only one point is suggested in support of that assignment, that is that the evidence of the age of Bob Bonnett, to whom the sale was charged to have been made, was not sufficiently definite. The mother of this witness testified at the time of the trial that he would not be 21 until the 12th of the fol-

lowing month. The evidence is sufficient on that point. The plaintiff in error admits he had twice been convicted for selling intoxicating liquor.

The plaintiff in error further contends that the court erred in its instruction to the jury number 5. This instruction tells the jury that "agency" has no application in a criminal case, and where one aids in the commission of a crime he is guilty as a principal. The principle of law stated is correct. No exceptions or objections were made at the time the instruction was given. While the instruction is not applicable to the evidence, we fail to see how it would be prejudicial to the plaintiff in error, and is not reversible error under the record in this case. Fooshee v. State, 3 Okla. Cr. 666, 108 P. 554.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.