## THOMAS L. COX v. STATE.

No. A-5066. Opinion Filed March 25, 1926.
(244 Pac. 206.)

H. A. Wilkerson, Roscoe Bell, and T. F. Donnell, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Leon S. Hirsh, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Woods county on a charge of extortion under color of official right and sentenced to pay a fine of $1.

The facts leading up to the prosecution as disclosed by the record are about as follows: In August, 1925, defendant was authorized or appointed a representative of the state highway department to collect delinquent automobile license taxes, under the provisions of chapter 290, Sess. Laws of Oklahoma 1919, as amended by chapter 102, Session Laws Oklahoma 1921. One David Tucker, a resident of Woods county, was delinquent for license tax for two tractors owned by him. He had made an application for license but not having remitted sufficient money his application was returned.

At this time Cox with another went to Tucker and pointed out to him that under the statute the minimum fine for failure to have procured license was $25 and costs, and that 25 per cent. of the fine in case of prosecu-

tion would be paid to him, Cox, and informed him that if he would pay this 25 per cent. with the amount which would be due as court costs in case of prosecution, and would make application for license, no prosecution would be instituted. This 25 per cent. of the fine and the cost according to defendant's computation amounted to $18.50, which sum together with the license fee was paid defendant by Tucker. No prosecution against Tucker was instituted. Later information of this transaction having come to the highway department, it required Cox to refund to Tucker the $18.50 so paid. This was done before prosecution in this case was instituted.

Several assignments of error are presented in the brief of the defendant. It is first urged that the information is insufficient for failure to allege an unlawful intent. The charging part of the information reads:

"* * * That the said defendants, as such officers, did extort and obtain property, towit, money of the amount and value of $18.50 of good and lawful money of the United States of America, from another person, towit: One David Tucker, with the consent of the said David Tucker, which said consent was induced, procured and obtained by them, the said defendants by means and by use and under color of official right, contrary," etc.

Section 2133, Comp. St. 1921, defines extortion as follows:

"Extortion is the obtaining of property from another with his consent, induced by a wrongful use of force or fear, or under color of official right."

Section 2136, Comp. St. 1921, provides:

"Any person who commits any extortion under color of official right, in cases for which a different punishment is not prescribed by this chapter, * * * is guilty of a misdemeanor."

The provision of the statute providing a penalty for

failure to pay automobile tax is section 10135, Comp. St. 1921, as follows:

"Any person, * * * failing to comply with the provisions of this act shall be deemed guilty of a misdemeanor and on conviction thereof, shall be subject to a fine of not less than $25, nor more than $100: Provided, that one-fourth of any such fine, when collected, shall go to the enforcement officer discovering and presenting such case, if such enforcement officer be other than a salaried employee of the state highway department, and the balance of such fine, when collected, shall go to the road fund of the township in which the vehicle for which the fine so assessed, is kept. * * *"

It will be observed that an unlawful intent is not made an element of the offense charged, and when not made an element ordinarily an intent need not be alleged. Santino v. State, 29 Okla. Cr. 149, 232 Pac. 859; State v. Kuehnle, 85 N. J. L. 221, 88 Atl. 1085; Block v. U. S., 261 Fed. 321; People v. Walfrom (Cal. App.) 115 Pac. 1088.

It is next argued that the court erred in his instructions to the jury, Nos. 4 and 7, and in refusing requested instructions, in the admission of evidence, and in the argument of counsel. We have examined fully all these contentions and while some errors are manifest they were not prejudicial, and being harmless present no reason for a reversal.

Upon an examination of the entire record it appears to us that the conduct of the defendant could not be justified under any view. His compensation is fixed at 25 per cent. of the fine imposed. Certainly no fine could be imposed except by a judicial officer having jurisdiction of the offense and of the person of an accused, invoked by some appropriate proceeding. The defendant as an enforcement officer had no authority to assess or collect fines. We can conceive of no method more like-

ly to breed corruption than the permitting of petit officers under color of official right to levy tribute. The attempt to designate the moneys collected as a fine and costs where no legal action has been instituted does not better the situation, such practice is not authorized by law, nor good policy.

The state highway department is to be commended in requiring the defendant to promptly return the money extorted by him.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.