## W. H. HOWE v. STATE.

No. A-5320.   Opinion Filed April 3, 1926.
(244 Pac. 826.)

James M. Gresham and John R. Miller, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the superior court of Creek county on a charge of inoculating another with a venereal disease, and sentenced to serve a term of three years in the state penitentiary. The prosecution is under the provisions of section 1959, Comp. Stat. 1921, as follows:

"Any person who shall inoculate himself or any other person or shall suffer himself to be inoculated with smallpox, syphilis or gonorrhœa and shall spread or cause to be spread to any other persons with intent to or recklessly be responsible for the spread of or prevalence of such infectious disease, shall be deemed a felon, and upon conviction thereof shall be punished by imprisonment in the penitentiary not more than five years nor less than two years."

It is first contended that the information is insufficient in failing to allege that the defendant "knowingly" inoculated another with a contagious disease as prohibited by said section; that under the statute it is clearly the legislative intent that one should not be convicted unless he committed the act knowingly, and that the evidence is insufficient to prove such knowledge. The charging part of the information is:

"* * * That on or about said day and date, in said county and state, he, the said W. H. Howe, then and there being, did then and there unlawfully and feloniously inoculate and infect another person, to wit, Grace Howe, his wife, with a contagious and infectious disease commonly

known as syphilis, with the unlawful and felonious intent on part of him, the said W. H. Howe, to recklessly spread such infectious disease."

The information contains all the allegations of scienter or knowledge that the statute requires, and is sufficient. Santino v. State, 29 Okla. Cr. 149, 232 P. 859; State v. Kuehnle, 88 A. 1085, 85 N. J. Law, 221, Ann. Cas. 1916A, 69; Block v. U. S. (C. C. A.) 261 F. 321; People v. Wolfrom, 115 P. 1088, 15 Cal. App. 732.

One who did not know himself to have a disease could not, under this statute, intentionally communicate the disease to another, nor if without knowledge that he was inoculated could he recklessly be responsible for communicating it to another. Proof of knowledge may be shown by either direct and positive testimony, or by circumstances. There is sufficient evidence in the record to show that defendant, having knowledge that he was inoculated or affected with a venereal disease as defined in said section, communicated such disease to another as charged in said information, and is responsible for the communication of such disease. We deem it unnecessary to review the evidence on this point.

It is next argued that the court erred in admitting the testimony of a physician who had examined defendant, for the reason that the testimony was privileged. By the sixth subdivision of section 589, Comp. St. 1921, a physician or surgeon is made incompetent to testify concerning any communication made to him by his patient with reference to any physical or supposed physical disease, or any knowledge obtained by a physical examination of any such patient, with a proviso that the privilege is waived if the person offer himself as a witness on the same subject. In the evidence of the state in chief, Dr. King was called

as a witness, and testified as to the condition of Grace Howe, and testimony was further drawn from him to the effect that he also treated the defendant, and the statements made to him by the defendant, and, over the objection of defendant, permitted testimony of statements made by the defendant and of knowledge obtained by examination after he had been employed by the defendant as his physician. At that time the defendant had not testified, and the privilege had not been waived as might be done under the latter part of said subdivision 6. Admitting this testimony was a violation of the statutory rights of the defendant.

The case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.