RE: FUNDING MODEL FOR TRAINING SERVICES CONTRACT
YOU HAVE ASKED ME TO ASSIST YOU IN REGARD TO A PROPOSED AGREEMENT BY WHICH THE UNIVERSITY OF CENTRAL OKLAHOMA (UCO) PROPOSES TO CONTRACT TO ASSIST THE STATE DEPARTMENT OF HUMAN SERVICES (DHS) IN DELIVERING TRAINING SERVICES.
YOU HAVE ASKED WHETHER THE PROPOSED PLAN TO FUND THE TRAINING PROGRAM VIOLATES ANY STATE OR FEDERAL LAW. BEFORE I ANSWER THE QUESTIONS YOU HAVE POSED, I MUST POINT OUT THAT I HAVE REVIEWED YOUR PROPOSAL IN CONCEPT ONLY. ANY FINAL AND DEFINITIVE ANSWER MUST WAIT UNTIL I HAVE HAD THE OPPORTUNITY TO REVIEW ALL OF THE SPECIFIC DOCUMENTS TO BE USED TO CARRY OUT THE AGREEMENT. THE LEGAL OPINIONS EXPRESSED HEREIN ARE MY OWN OPINIONS AND THIS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL.
THE PROPOSED PLAN.
IN ORDER TO CARRY OUT ITS AGREEMENT WITH DHS, UCO WOULD SUBCONTRACT WITH A NUMBER OF SERVICE PROVIDERS. — UCO WILL SELECT THESE PROVIDERS BY USE OF A REQUEST FOR PROPOSAL (RFP). THE RFP WILL STATE THE REQUIREMENTS, DESCRIBE THE SERVICES TO BE PROVIDED AND THE SUM TO BE PAID FOR THE SERVICES. THE STATED SUM WILL BE THE FAIR MARKET VALUE OF THE SERVICES AS PREVIOUSLY DETERMINED BY UCO, DHS, AND THE APPROPRIATE FEDERAL AGENCY. THE RFP WILL REQUIRE THAT ALL SELECTED VENDORS PAY A SET PORTION OF THE SUM BACK TO UCO TO BE USED TO PROVIDE ADDITIONAL TRAINING. THESE ADDITIONAL TRAINING FUNDS WOULD BE COUNTED AS A PORTION OF THE STATE'S CONTRIBUTION TOWARD MEETING THE FEDERAL COST-SHARING REQUIREMENTS.
THE ISSUES RAISED CLEARLY FALL INTO TWO CATEGORIES. FIRST, WHETHER THE ADDITIONAL TRAINING FUNDS CAN BE USED TO MEET THE STATE'S OBLIGATION UNDER THE FEDERAL COST-SHARING REQUIREMENTS. THESE QUESTIONS MUST BE RESOLVED DURING THE GRANT NEGOTIATIONS BETWEEN DHS AND THE FEDERAL AGENCY CONCERNED. THESE NEGOTIATIONS WILL NECESSARILY INVOLVE FACT ISSUES WHICH ARE NEITHER APPROPRIATE NOR POSSIBLE FOR ME TO ADDRESS IN THIS INFORMAL OPINION. THUS, I HAVE EXCLUDED FEDERAL FINANCIAL PARTICIPATION FROM THIS DISCUSSION. THE SECOND CATEGORY OF ISSUES RELATE TO WHETHER THE PROPOSED PLAN VIOLATES STATE LAW. THE FOLLOWING DISCUSSION EXAMINES A NUMBER OF AREAS OF POSSIBLE CONCERN.
OKLAHOMA LAW ISSUES.
1. COMPLIANCE WITH CENTRAL PURCHASING ACT.
THE OKLAHOMA CENTRAL PURCHASING ACT (74 O.S. 85.1 (1992) ET SEQ.) MANDATES THE COMPETITIVE PROCUREMENT OF GOODS AND SERVICES BY THE STATE. THE PURPOSE OF THIS REQUIREMENT IS GENERALLY TO INSURE THAT THE STATE GETS THE BEST POSSIBLE DEAL FOR ITS MONEY. WHILE COMPETITIVE BIDDING IS NOT REQUIRED WHEN STATE INSTITUTIONS OF HIGHER LEARNING PROCURE PERSONAL SERVICES, IT IS CERTAINLY NOT PROHIBITED. SEE, 74 O.S. 85.3 (1992). FURTHER, ANY ACTIVITY DESIGNED TO PROCURE QUALITY SERVICES FOR THE STATE AT THE LOWEST POSSIBLE COST SHOULD BE ENCOURAGED. IT IS CLEAR THAT THE PROCEDURE PROPOSED GOES BEYOND THE REQUIREMENTS OF THE OKLAHOMA CENTRAL PURCHASING ACT IN ACCOMPLISHING THIS GOAL.
2. COMPLIANCE WITH THE ANTI-KICKBACK ACT.
THE ANTI-KICKBACK ACT OF 1974, 74 O.S. 3401 (1991) ET SEQ. PROHIBITS A PERSON WHO CONTRACTS WITH THE STATE FOR THE FURNISHING OF GOODS OR SERVICES FROM GIVING A KICKBACK TO ANY PERSON HOLDING A HIGHER TIER CONTRACT WITH THE STATE OR TO ANY STATE EMPLOYEE. KICKBACK IS DEFINED IN THE ACT AS THE GIVING OF MONEY OR ANY OTHER THING OF VALUE EITHER DIRECTLY OR INDIRECTLY BY ANY PERSON WHO EITHER HOLDS A CONTRACT OR IS BIDDING TO OBTAIN A CONTRACT WITH THE STATE TO ANY STATE EMPLOYEE OR ANY PERSON HOLDING A HIGHER TIER CONTRACT WITH THE STATE WHEN SUCH GIVING IS FOR THE PURPOSE OF ACQUIRING OR HOLDING A CONTRACT WITH THE STATE. 74 O.S. 3402 (1991). THE ADDITIONAL TRAINING FUNDS REQUIRED OF ALL BIDDERS AS PART OF THE SPECIFICATIONS OF THE RFP AMOUNTS TO PART OF THE CONSIDERATION FORMING THE CONTRACT BETWEEN THE INDIVIDUAL VENDOR AND THE STATE AND THUS DEFINITIONALLY DOES NOT VIOLATE THE PROHIBITION AGAINST GIVING MONEY FOR THE PURPOSE OF ACQUIRING OR HOLDING A CONTRACT WITH THE STATE FOR THE FURNISHING OF GOODS OR SERVICES. FURTHERMORE, THE PROPOSED FUNDING PLAN REQUIRES A PERSON BIDDING TO OBTAIN A TRAINING CONTRACT WITH THE STATE TO AGREE TO PAY THE ADDITIONAL TRAINING FUNDS TO A STATE ENTITY. THE PLAN DOES NOT ALLOW PAYMENT TO BE PAID TO ANY STATE EMPLOYEE OR ANY PERSON HOLDING A HIGHER TIER CONTRACT. THEREFORE, THE PROPOSED FUNDING PLAN DOES NOT APPEAR TO VIOLATE THE ANTI-KICKBACK ACT OF 1974.
3. COMPLIANCE WITH CRIMINAL STATUTES.
I HAVE ALSO REVIEWED OKLAHOMA STATUTES REGARDING BRIBERY, 21 O.S. 265/21 O.S. 266, AND 21 O.S. 381 (1991) AND IT IS MY OPINION THAT THE PROPOSED FUNDING PLAN DOES NOT VIOLATE THESE STATUTES GENERALLY FOR THE SAME REASONS ANALYZED ABOVE. THE ELEMENTS OF BRIBERY ARE THE CORRUPT GIVING OF ANY GIFT OR GRATUITY TO A PUBLIC OFFICIAL OR STATE EMPLOYEE WITH THE INTENT TO INFLUENCE HIS OFFICIAL ACT IN ANY MATTER WHICH MAY BE PENDING OR WHICH MAY COME BEFORE THE OFFICIAL. SHRIVER V. STATE, 632 P.2D 420 (OKL.CR.1980), CERT. DENIED101 S.CT. 399, 449 U.S. 983, 66 L.ED.2D 245. UNDER THE PROPOSED PLAN, THE ADDITIONAL TRAINING FUNDS ARE PAID TO THE STATE, NOT AN INDIVIDUAL OFFICER OR EMPLOYEE. FURTHERMORE, THE FUNDS DO NOT AMOUNT TO A GIFT OR GRATUITY IN THAT IT IS PART OF THE CONSIDERATION FOR THE CONTRACT BETWEEN THE UNIVERSITY AND THE VENDOR. A GIFT IS GENERALLY DEFINED AS A VOLUNTARY TRANSFER OF PROPERTY WITHOUT CONSIDERATION OR COMPENSATION. SEE, WOOD V. HARRIS, 201 OKLA. 201, 203 P.2D 710 (1949). THUS, THE PROPOSED PLAN DOES NOT VIOLATE THE STATUTORY PROHIBITION AGAINST BRIBERY.
SECTION 21 O.S. 1484 OF TITLE 21 OF THE OKLAHOMA STATUTES PROHIBITS EXTORTION UNDER COLOR OF OFFICIAL RIGHT. THE ELEMENTS OF THIS MISDEMEANOR ARE (1) THE OBTAINING (2) OF PROPERTY (3) FROM ANOTHER WITH HIS CONSENT (4) UNDER COLOR OF OFFICIAL RIGHT. "COLOR OF OFFICIAL RIGHT" AS AN ELEMENT OF EXTORTION REFERS TO AN OPPRESSIVE USE OR MISUSE OF OFFICIAL POSITION. SEE, COX V. STATE, 33 OKL.CR. 436,244 P. 206 (1926). A PUBLIC OFFICIAL WHO UNLAWFULLY OBTAINS PROPERTY FROM ANOTHER UNDER COLOR OF HIS OFFICIAL RIGHT IS GUILTY OF MISDEMEANOR EXTORTION; THE FELONY ELEMENT OF WRONGFUL USE OF FORCE OR FEAR IS NOT APPLICABLE. (SEE, 21 O.S. 1481 (1991)). FOR EXAMPLE, AN ENFORCEMENT OFFICER OF THE STATE HIGHWAY DEPARTMENT IS GUILTY OF MISDEMEANOR EXTORTION IF HE COLLECTS MONEY IN EXCESS OF LEGAL LICENSE TAXES FROM A DELINQUENT AUTOMOBILE OWNER UNDER THE GUISE OF COLLECTING FINES AND COSTS. COX V. STATE, 33 OKL.CR. 436,244 P. 206 (1926). HERE, THE PROPOSED PLAN DOES NOT AUTHORIZE THE TRANSFER OF MONEY OR PROPERTY TO ANY PUBLIC OFFICIAL, BUT RATHER TO A STATE FUND. ASSUMING THAT THE ACTUAL PLAN MEETS ALL STATE AND FEDERAL REQUIREMENTS, THE ADDITIONAL TRAINING PAYMENT COULD NOT BE CONSIDERED UNLAWFUL AND THEREFORE, THE PROPOSED PLAN DOES NOT VIOLATE THE EXTORTION STATUTES.
MY REVIEW HAS NOT REVEALED ANY OTHER POTENTIAL CONFLICT BETWEEN THE PROPOSED FUNDING PLAN AND STATE LAW. MY REVIEW, HOWEVER, WAS LIMITED TO THE CONCEPT OR THEORY OF THE PROPOSED PLAN AND WAS NOT A REVIEW OF A WRITTEN DRAFT AGREEMENT, AS NO SUCH DRAFT YET EXISTS.
OTHER CONSIDERATIONS.
THE UNIVERSITY SHOULD BE CAREFUL TO REQUIRE METHODS FOR DOCUMENTATION ON INVOICES FROM SUCCESSFUL BIDDERS THAT ALLOW THE UNIVERSITY TO ANALYZE THE INVOICES AND HANDLE THEM APPROPRIATELY UNDER GENERALLY RECOGNIZED ACCOUNTING OR AUDITING PRINCIPLES. THE ADDITIONAL TRAINING PAYMENT SHOULD BE REASONABLE IN LIGHT OF ITS SUBSTITUTION FOR A MORE TRADITIONAL GOVERNMENTAL DISCOUNT. IT IS ALSO SIGNIFICANT THAT BIDDERS MAY HAVE TO PAY MORE IN TAXES UNDER THE PROPOSED PLAN THAN UNDER A TRADITIONAL GOVERNMENTAL DISCOUNT PLAN AND THAT COST SHOULD BE CONSIDERED IN ARRIVING AT THE AMOUNT REQUIRED FROM THE BIDDERS FOR THE ADDITIONAL PAYMENT. FURTHERMORE, THE RECEIVER OF THE ADDITIONAL PAYMENT SHOULD CLEARLY BE A STATE ENTITY SUCH AS THE UNIVERSITY AND THE PAYMENT SHOULD BE UNDER THE UNIVERSITY'S ADMINISTRATIVE CONTROL. THE REASONABLENESS OF THE AMOUNT OF THE ADDITIONAL PAYMENT IS A FACT QUESTION THAT CANNOT BE COMPLETELY RESOLVED IN THIS LETTER WHICH IS ONLY ADDRESSING QUESTIONS OF LAW. THIS IS, HOWEVER, A SIGNIFICANT FACTOR TO CONSIDER IN THE APPROPRIATENESS OF THE PLAN.
(CONFLICT OF INTEREST)
(SHERIDAN A. MCCAFFREE)