45  155
66  271
66  485

RUSSELL COE *vs.* CITY OF MERIDEN.

The charter of the city of Meriden provides that all appeals from appraisals of damage and assessments for benefits in laying out any highway or public improvement in the city, shall be taken to the Superior Court in New Haven County. A general statute, passed since the charter was granted, provides that such appeals in any city (except Bridgeport) may be taken to any judge of the Superior Court. Held that this act applies to the city of Meriden, and that an appeal taken under it in that city was valid.

APPEAL from an appraisal of damages in the laying out of an alteration in a public street of the city of Meriden; taken to Judge *Sanford* of the Superior Court. After a judgment in the case in favor of the appellant, the city of Meriden filed a motion in error, assigning as error the want of jurisdiction on the part of the judge. The case is sufficiently stated in the opinion.

*R. Hicks*, for the plaintiff in error.

*O. H. Platt,* for the defendant in error.

PARK, C. J. The appeal in this case was taken under the statute found on the 91st page of the Revision of 1875, which is as follows: "Any person aggrieved by the appraisal of damages in laying out any highway, or in making any improvement or public work in any city (except Bridgeport) or borough, or by the assessments of benefits therefor, may

appeal from such appraisal or assessment to any judge of the Superior Court, within thirty days after public notice shall be given of such appraisal or assessment," &c.

It appears in the case that at the time this statute was passed the charter of the city of Meriden provided that appeals of the character of the present one should be taken to the Superior Court in the county of New Haven; and it is claimed that the charter, having been made with particular reference to the city of Meriden, was not repealed or modified in respect to such appeals by the statute in question, on the principle that particular statutes are not repealed by subsequent general statutes unless so expressed in definite terms, but are to be regarded as excepted from their operation. The reason of the rule is, that where the attention of the legislature has been called to a particular subject, and a special provision has been made regarding it, it can not be supposed that they intended to repeal it, when subsequently enacting a general statute in relation to the same subject. It is reasonable to presume that the special provision was not in the mind of the legislature when the general enactment was passed, and that therefore no express exception was made.

But the principle does not apply to the statute in question, for the obvious reason that it is definite and particular, in fact as much so as the charter itself. In the first place, the statute applies only to the cities and boroughs of the state, and the present question relates only to that part of it which applies to the cities. Here the language is, "Any person, * * in any city * * except Bridgeport * * may appeal," &c. Suppose all the cities of the state except Bridgeport had been named in the statute, would it have been in fact more definite than it is? The exception made, out of the small number of the cities, shows clearly that the attention of the legislature was called to each particular city, and each was considered before the statute was enacted; and hence the singular number was used—"in any city." And inasmuch as the statute was not intended to apply to all the cities of the state, it became necessary to adopt one of two courses in drafting it. One was, to name all the cities to which the

statute was intended to apply, and the other to name those to which it was not intended to apply. Obviously the latter course was adopted for the sake of brevity merely, inasmuch as but one exception was intended to be made.

Furthermore, at the time this statute was passed all the cities of the state. had special provisions in their charters regarding appeals of a like character to the present one. The claim made would exempt every one of them from the provisions of the statute; and this absurdity would follow, that a statute which was made in positive terms to apply to every city in the state except Bridgeport, does not apply to one of them, because the charter of each had a special provision regarding appeals at the time the statute was enacted.

In further support of the view we have taken, we might refer to the principle, well established in the construction of statutes, that when a statute makes an exception from its provisions, it is to be presumed that all the exceptions were made which were intended.

We think the appeal in this case was well taken, and that there is no error in the judgment complained of.

In this opinion the other judges concurred.