## HARRIET W. BEACH vs. CITY OF MERIDEN.

The charter of the city of Meriden provides that all appeals from appraisals of damage and assessments for benefits from any public improvement in the city, shall be taken to the Superior Court. A general statute, passed since the charter was granted, provides that all such appeals may be taken to any judge of the Superior Court. Held that this act does not repeal the provision of the charter, but that such appeals may be taken either to the Superior Court or to a judge in chambers.

An old fence ran along the top of a bank by the side of a highway, at a place where it was difficult to make one lower down on the bank, and had stood there as far back as could be remembered. There were no means of determining the original limits of the highway. Held that the location of the fence was not, as matter of law, decisive of the line of the highway, but was mere evidence on the question, entitled to more or less weight according to the circumstances.

APPEAL to the Superior Court in New Haven County from an appraisal of damages for land of the appellant taken by the city of Meriden in altering the line of a public highway. Facts found and case reserved for advice. The case is sufficiently stated in the opinion.

*O. H. Platt*, for the appellant.

*R. Hicks*, for the City.

CARPENTER, J. This is an appeal from the appraisal of damages occasioned by an alteration in the line of a highway. Two questions arise.

1. Had the Superior Court jurisdiction? The appeal was taken to the Superior Court under a provision in the charter authorizing it. Session Laws, 1870, p. 456. The Revised Statutes of 1875, p. 91, sec. 3, provide for an appeal in such cases to a judge of the Superior Court. In *Coe* v. *City of Meriden*, 45 Conn., 155, the counsel for the city contended that the statute did not apply to the city of Meriden by reason of the provision in the charter. This court held otherwise. It is now contended that that provision of the charter is inoperative, being in effect repealed by the later statute. We think this position is untenable.

The statute authorizing an appeal to a judge of the Superior Court does not expressly repeal the charter, nor is the language such as to exclude any other remedy. It simply provides that " any person aggrieved &ast; &ast; may appeal &ast; &ast; to any judge of the Superior Court." There is no such inconsistency here as to lead to the inference that it was intended by the later statute to repeal the prior. On the contrary both may well stand together. The result is that a party appealing has his option, to take his case to the Superior Court or to a judge of that court at chambers.

2. The second question relates to the amount of damages, and arises from the following portion of the committee's report. "No evidence was presented to the committee to show in what manner it became a highway. The ground upon the easterly side of said street, where the petitioner's lot is located, is much higher than the street and always has been, with a bank sloping to the traveled portion of the highway. By reason of the steepness and character of this bank it is not and has not been easy to build a fence thereon. As far back as anybody can remember, an old post and rail fence ran along the top of the bank upon the petitioner's lot, and was the only fence that separated the lot from the street. This fence in 1848, and at the time of building the wall hereinafter mentioned, was partly in place, partly down on the edge of the bank, and partly carried to the foot of the bank by the caving of the earth. The position of the old fence, as originally built, was several feet easterly of the present wall of the petitioner. In the year 1848 the petitioner built the wall aforesaid, setting it a little easterly from the foot of the bank, but not so far easterly by several feet as the position of the old fence aforesaid."

The amount of damages depends upon the quantity of land taken. If the fence is the true line less is taken, and damages are assessed at $192.50. If not, more is taken, and damages are assessed at $275. The question whether the evidence is legally sufficient to justify a finding that the old fence is the true easterly line of the highway is referred to the court. This is not presented to us as a question of fact,

whether the existence of the fence as an evidential fact is sufficient evidence that it indicated the line of the highway. As such we should decline to consider it. But it is presented and treated as a question of law, whether the old fence in point of law made its line the line of the highway. We think it did not. Its only effect was that of evidence. Its weight depends upon the circumstances. If it was a continuation of the line of the highway on either side and left the street of the same width as at other places, it might be entitled to much weight. On the other hand the fence may have been built for other purposes, or, if to separate the highway from the adjoining land, it may have been built on top of the bank as a matter of convenience, and for aught we know it may have left the street wider there than at other places.

These considerations show the propriety of treating the fence as a mere evidential fact to be weighed with other evidence, and illustrate the danger of giving it a conclusive force as matter of law.

As the record stands we advise the Superior Court to render judgment for the petitioner for the larger sum.

In this opinion the other judges concurred.