## C. J. CRILLEY v. STATE.

No. A-2799.   Opinion Filed May 18, 1918.

Rehearing Denied June 21, 1919.

1. **INDICTMENT AND INFORMATION—Duplicity.** In view of Rev. Laws 1910, section 5741, relating to different counts, an information charging that defendant unlawfully and willfully and wrongfully attempted to use force upon the person of another and to do corporal hurt to such other by throwing a heavy stick or club at him, and did by words threaten and offer to hit such other, was not duplicitious, as the charge as to threatening and offering to hit might be treated as surplusage, leaving a complete information charging simple assault.

2. **ASSAULT AND BATTERY—Simple Assault—Offense.** It is not an offense to threaten by words to hit another, but there must be an overt act or offer or an attempt to hit before the crime of assault is committed.

3. **SAME—Question for the Jury.** On conflicting evidence in a prosecution for a simple assault, **held,** that defendant's guilt was a question for the jury.

4. **APPEAL AND ERROR—Verdict.** Where there is evidence from which the jury could with reason have found the defendant was guilty, the court will not disturb the verdict for alleged insufficiency of the evidence.

Appeal from County Court, Alfalfa County;
F. M. Gustin, Judge.

C. J. Crilley was convicted of simple assault, and his punishment fixed at a fine of $50 and costs, and he appeals. Judgment affirmed.

W. E. Wiles, Ira A. Hill, and Guy D. Talbot, for plaintiff in error.

S. P. Freeling, Atty. Gen., and R. McMillan, Asst. Atty. Gen., for the State.

PER CURIAM. C. J. Crilley was convicted in the county court of Alfalfa county of simple assault. The court assessed the punishment at a fine of $50 and costs of the action, from which judgment the accused has appealed, and he asks this court to reverse the judgment for the following reasons: (1) That the court erred in overruling demurrer to the information upon the ground that the same is duplicitous.

The information is as follows (omitting the formal parts):

"I, the undersigned, county attorney of Alfalfa county, Okla., in the name, by the authority, and on behalf of the state of Oklahoma, give information that on the 13th day of May, A. D. 1916, in said county of Alfalfa and state of Oklahoma, one C. J. Crilley did then and there unlawfully and willfully and wrongfully attempt and offer to use force and violence upon the person of another person, and that is to say that the said C. J. Crilley did attempt to do corporal hurt to one I. E. Bradley by throwing a heavy stick or club at the person of I. E. Bradley, and did by words threaten and offer to hit the said I. E. Bradley over the head with said stick or club. Contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Oklahoma."

We cannot agree with the contention of counsel for plaintiff in error that this information is duplicitous. Down to the words "and did by words threaten and offer to hit," etc., the information charged fully and completely the crime of simple assault for which a conviction was had, and beginning with the words above quoted, which was an attempt upon the part of the county attorney to charge the assault (which the evidence shows to have been a continuing transaction) to have been committed by use of different means (1) by throwing the stick or club at

Bradley, and (2) by offering to hit said Bradley with the stick or club, such pleading would have been permissible under section 5741, Rev. Laws 1910, and such allegations would have been sufficient had not the language "by words threaten and" been inserted, because it is not an offense to threaten by words to hit another, but there must be an overt act or offer or an attempt to hit before the crime of assault is committed; so that the information as drawn does not charge two separate offenses, and the language beginning "and did by words threaten and offer to hit the said I. E. Bradley" may be treated as surplusage, and we still have a complete information charging the crime of simple assault. The demurrer, therefore, was properly overruled.

It is also contended that the trial court erred in not sustaining the motion to direct a verdict of not guilty. If the evidence of the defendant and his witnesses was to be believed by the jury, then he should have been acquitted; but the evidence on the part of the prosecuting witnesses and several persons who corroborated them was equally positive as to the guilt of defendant of the crime charged. There was a direct conflict, therefore, in the evidence, which it is the sole province of the jury to decide. This court has repeatedly said that, where there is evidence from which the jury could have with reason reached the conclusion that the defendant was guilty, this court will not disturb the verdict because of the alleged insufficiency of the evidence.

It is contended, also, that the court erred in admitting incompetent, irrelevant, and immaterial evidence which was prejudicial to the substantial rights of the defendant. The evidence complained of relates to certain testimony by I. E. Bradley, the prosecuting witness, and his wife, who

was present at the time of the alleged assault, concerning the statements made by the defendant of a threatening nature, such as "Damn you, stop, or I'll throw this clear through you," and "I'll hit you any time I want to," etc.

It is claimed that these statements do not in themselves constitute any element of the crime charged. Admitting that the statements of themselves would not support a conviction, they were undoubtedly admissible as part of the *res gestae,* because they occurred right at the time of the alleged assault, were voluntary expressions of ill temper on the part of the defendant tending to explain his conditon of mind at the time, and were properly to be considered by the jury in explanation of his conduct in throwing a cane or club in the direction of. the prosecuting witness; the contention of the state being that he threw the cane or club with the intention of injuring the prosecuting witness, while defendant claimed that he did not throw it at the prosecuting witness but threw at the wheel of the automobile in which said prosecuting witness was riding in order to get him to stop the car; the defendant being the city marshal and claiming his purpose was to call attention of prosecuting witness to the fact that he was in the act of driving his automobile at night without lights. It is apparent that under the circumstances the voluntary outbursts of defendant at the time were competent.

Complaint is made also that the court erred in excluding certain competent and relevant evidence. After an examination of the record, we cannot say that there was error in this respect sufficient to justify a reversal of this judgment.

The judgment of conviction is therefore affirmed.