### W. W. HUTCHINS v. STATE.

A-3372. Opinion Filed March 6, 1920. On Rehearing, June 7, 1920.
(189 Pac. 1085.)

Appeal from County Court, Ottawa County; N. C. Barry, Judge.

W. W. Hutchins was convicted of the crime of unlawful possession of intoxicating liquor, and he appeals. Affirmed. Modified on rehearing.

Mason & Jones, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W, C. Hall, Asst. Atty. Gen., for the State.

PER CURIAM. This is an appeal from the county court of Ottawa county, wherein the defendant was convicted of unlawful possession of intoxicating liquor, and his punishment fixed at a fine of $500 and imprisonment in the county jail for a period of 30 days. From this judgment he has taken an appeal to this court, and asks a reversal upon the sole ground that the evidence is insufficient to sustain the conviction. The state introduced three or four witnesses who testified, in substance, that on the 29th day of August, 1917, at about dark on the evening of said day, as the result of a search of the premises of this defendant, nine gallons of whisky contained in two separate five-gallon glass bottles or demijohns were found concealed in a patch of peas a short distance north of the garage on the defendant's premises in the town of Commerce, Ottawa county. It also appears that a short time before supper on said day a previous search by some of the same officers had been made of the premises of the defendant, and no liquor was found on said premises at that time, although a search of this same pea patch was made. It further appears that the defendant was away from home at the time of the first search, but was discovered by the officers in a public highway about 250 yards from his home while the officers were on their way there to make the second search. At that time the defendant was in possession of an automobile, the lights of which were out. The officers, however, searched the defendant and the car, finding no liquor, but discovering a Colt's pistol in said car, which the defendant admitted belonged to him. The defendant also testified that he left home about 1 o'clock in the afternoon of that day and drove up to town in his car for the purpose of mailing a letter and to see if he had any mail at the post office. Finding no mail there, defendant says he loafed around town all day until dark, spending the time from about 3 o'clock in the afternoon at McCleary's barn, helping repair an automobile truck, and says he drove his automobile into the driveway of said barn, and that it stayed there all that afternoon until the officers overtook him taking it home at the time of his detention and subsequent arrest on this charge. In explanation of the possession of the pistol found in defendant's automobile he says that he purchased it that day when in town from a traveling man whom he did not know, and paid him $3 or $4 for it. The defendant also admitted that the patch of peas in which this whisky was found was located on his premises, belonged to him, and was planted and tended by him. The state in rebuttal introduced a deputy sheriff, who testified that he executed a search warrant on McCleary's barn about 4 o'clock in the afternoon of that day, and that at that time nobody was there working on an automobile truck, and that there was no Ford car standing in the driveway of said barn at that time. Defendant also admitted that he had stated that he would rather pay $50 than to be "shoused around in court in this case." The foregoing substantially states the incriminating facts and circumstances of the case.

The jury is the exclusive trier of the facts, and where there is evidence from which the jury with reason might find a defendant guilty, this court will not disturb the verdict for alleged insufficiency of the evidence. Crilley v. State, 15 Okla. Cr. 44, 181 Pac. 316; Clingan v. State, 15 Okla. Cr. 483, 178 Pac. 486; Davis v. State, 10 Okla. Cr. 169, 135 Pac. 438; Calvert v. State, 10 Okla. Cr. 185, 135 Pac. 737. An examination of the evidence in this case convinces the court that there was sufficient evidence to authorize the trial court to submit the cause to the jury, and that it was not error to refuse to direct a verdict of not guilty. It is not the province of this court to substitute its judgment on the question of the weight of the evidence for that either of the jury or the trial judge. The jury and the trial judge are much better situated to pass upon questions by reason of the opportunity afforded to observe the witnesses, and, provided there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty of the crime charged, the judgment will not be disturbed upon the sole ground that the evidence is insufficient to sustain it. No other error of law being urged in the brief of counsel for the defendant as ground for a reversal of this judgment, it is the opinion of the court that the judgment should be affirmed, and it is so ordered.

## On Rehearing.

PER CURIAM. The defendant, W. W. Hutchins, since the rendition of the opinion, filed March 6, 1920, affirming the judgment of the county court of Ottawa county, imposing a fine of $500 and imprisonment for 30 days in this case, has filed a motion and request for modification of the judgment. Upon consideration of the several grounds set forth in said motion, and after due and careful reconsideration of the evidence against the defendant, it is the opinion of the court that the ends of justice will be best subserved by a modification of the original judgment to provide a fine of $100, instead of $500, and imprisonment for a period of 30 days in the county jail, and the judgment is modified to that extent, and, as so modified, is affirmed. Mandate forthwith.