## H. G. HILDEBRANDT v. STATE.

No. A-3399.   Opinion Filed Sept. 25, 1920.
Rehearing Denied May 12, 1921.
(197 Pac. 852.)

(Syllabus.)

1.   Former Jeopardy—Enhancing Punishment for Second Violation of Liquor Law. Section 2, c. 26, Sess. Laws 1913, amendatory of Sess. Laws 1911, c. 70, § 16, does not create any new offense or define any new crime, but merely enhances the punishment against those charged and convicted of any second or subsequent violation of the provisions of the prohibitory liquor laws. Said statute is not in contravention of section 21, art. 2, Constitution of Oklahoma, in that it places the accused twice in jeopardy for the same offense.

2.    **Appeal and Error—Review—Evidence.** Where there is any evidence in the record from which the jury could legitimately conclude that the defendant was guilty of the offense charged, a judgment of conviction will not be set aside because of the insufficiency of the evidence.

3.    **Evidence—Corpus Delicti—Circumstantial Evidence.** The corpus delicti of an offense may be established by circumstantial evidence.

Appeal from District Court, Garfield County; J. C. Robberts, Judge.

H. G. Hildebrandt was convicted of a second violation of the provisions of the prohibitory liquor laws, and sentenced to pay a fine of $1,000 and to serve a term of three years in the state penitentiary, and he appeals. Affirmed.

E. C. Patton, for plaintiff in error.

S. P. Freeling, Atty. Gen., and E. L. Fulton, Asst. Atty. Gen., for the State.

MATSON, J. Among other questions involved in this appeal, it is contended that the statute under which the defendant was convicted is unconstitutional for two reasons: (1) That the law does not create the second offense a crime any greater than a first violation, and, therefore, because there is no crime created by the statute to be known as a second offense or violation, the second offense can be no greater than the first in point of punishment, and, as the first offense is a misdemeanor, a second conviction must likewise be, in the absence of any statute defining what shall constitute a second offense; (2) that the statute is unconstitutional, because it places the defendant in jeopardy twice for the same offense.

The statute is as follows (section 2, chapter 26, Session Laws, 1913, amendatory of section 16, chapter 70, Session Laws, 1911):

"For the second and all subsequent convictions for the violation of any of the provisions of this act (prohibitory liquor law), the penalty shall be a fine of not less than fifty ($50.00) dollars, nor more than two thousand ($2,000.00) dollars, and by imprisonment of not less than thirty (30) days in the county jail nor more than five (5) years in the state penitentiary."

The constitutionality of this statute in some of its phases has been heretofore passed upon by this court in the case of Tucker v. State, 14 Okla. Cr. 54, 167 Pac. 637. In effect, the first contention here urged against the constitutionality of this statute was decided adversely to the contentions of defendant in the Tucker Case.

However, in order to make the position of the court plain upon this question, it appears, and it is so held, that the intention of the Legislature in passing the act in question was not to create any new offense, or to define any new crime, but merely to enhance the punishment against those charged and convicted of any second or subsequent violation of the provisions of the prohibitory liquor laws. Such offenders were to be deemed habitual criminals, and a severer punishment imposed against them for the conviction of the second or subsequent offense than was to be imposed against the first violators of such statute. The increased severity of the punishment is not a punishment for the same offense for the second time, but is merely a severer punishment for the subsequent offense. As thus construed, such statutes have been uniformly held to be constitutional, and not invalid on the ground that they impose two punishments for the same crime, and thereby place the defendant twice in jeopardy for the same offense. Graham v. W. Va., 224 U. S. 616, 32 Sup. Ct. 583, 56 L. Ed. 917; State v. Findling, 123 Minn. 413, 144 N. W. 142, 49 L. R. A. (N. S.) 449; People v. Stanley, 47 Cal. 113, 17 Am. Rep. 401; Kelley v. People, 115 Ill. 583, 4 N. E. 644,

56 Am. Rep. 184; State v. Moore, 121 Mo. 514, 26 S. W. 345, 42 Am. St. Rep. 542.

· For the reasons stated, it is the opinion of this court that the statute in question is not open to the construction contended for by counsel, nor is it unconstitutional, in that it places the accused twice in jeopardy for the same offense, in contravention of section 21, article 2, Constitution of Oklahoma.

The only other ground urged in the brief of counsel for defendant as ground for reversal is the alleged error of the trial court in overruling the motion for a new trial on the ground that there is no sufficient evidence to sustain the verdict. While the proof of the corpus delicti of the crime is based largely upon circumstantial evidence, it cannot be said, as a matter of law, that there is no competent evidence to sustain the conviction.

This court has repeatedly held that, where there is any evidence in the record from which the jury could legitimately conclude that the defendant was guilty of the offense charged, a judgment of conviction will not be set aside because of the insufficiency of the evidence. Clingan v. State, 15 Okla. Cr. 483, 178 Pac. 486; Crilley v. State, 15 Okla. Cr. 44, 181 Pac. 316. In this case it was admitted upon the trial, as well as conclusively proved, that the defendant had previously been convicted in the county court of Garfield county of a violation of the prohibitory liquor statute, which said conviction had become final; the judgment having been appealed from, and the conviction affirmed by this court, prior to the institution of this prosecution. The defendant in this prosecution was charged with the subsequent violation of the prohibitory liquor laws in that he sold intoxicating liquors to an organization known as the Fraternal Order of Eagles, which said order had a lodge room and social quarters in the city of Enid, in said Garfield county, Okla.

19—C. R. 2

While there is no direct and positive testimony of the physical delivery of intoxicating liquors by defendant to said order, there is proof of the fact that the said order received, had on hand, and dispensed in its club rooms large quantities of whisky, beer, gin, and wine, at the time alleged in the information, and that defendant rendered a weekly account to said order, which account was itemized, showing that the said order owed him sums varying from $254 in one week to $373 in another week in March, 1917, for intoxicating liquors of various kinds, including whisky, beer, wine, and gin, delivered to said order, which said accounts were paid to defendant by order of the board of trustees of said lodge by checks or warrants of said lodge, payable to the defendant, signed by the proper officers thereof, delivered to defendant, and by him cashed.

The defense interposed was that defendant was merely the collecting agent of a wholesale liquor house located in Kansas City, Mo., operated by Danciger Bros., and that he had nothing whatever to do with the sales of such liquor, which were made direct to the lodge, or club, and shipped by the interstate commerce in the names of various of its members, without the knowledge of the defendant, and that defendant merely collected the money due on these accounts by direction of the firm of Danciger Bros. and received a commission for his services as collector. This theory of the defense was submitted to the jury by the court's instructions, and the jury instructed that, if they believed the same, they should acquit the defendant; and the jury was also instructed that if, after considering the entire evidence in the case, they had a reasonable doubt of defendant's guilt, they should acquit him. It is not urged in this appeal that the court's instructions were unfair or in any way prejudicial to the substantial rights of defendant.

While the evidence is conflicting, it is not for this court to substitute its judgment for that of the jury under such circumstances, and it cannot be said, as a matter of law, that there is no competent evidence sufficient to sustain this conviction. It has heretofore been held by this court that the corpus delicti of an offense may be proven by circumstantial evidence, as was done in this case. Brown v. State, 9 Okla. Cr. 382, 132 Pac. 359.

Taking the view, therefore, that the act is constitutional and that there is evidence in the record, if believed, which authorized the jury to reasonably conclude that the defendant was guilty of the offense charged, the judgment of conviction should be affirmed; and it is so ordered.

DOYLE, P. J., and ARMSTRONG, J., concur.