## COLUMBUS TRIMBLE v. STATE.

No. A-5073.   Opinion Filed Oct. 30, 1925.
(240 Pac. 329.)

Robert S. Howe and Choice D. Holden, for plaintiff in error.

George F. Short, Atty. Gen., for the State.

EDWARDS, J. From a conviction in the district court of Choctaw county upon a charge of selling intoxicating liquor to minors, the plaintiff in error, hereinafter called defendant, has appealed.

The defendant was charged with selling whisky to four minors, ranging in age from 16 to 18 years. It appears from the record that R. G. Berry, Winfred Hembry, and T. F. Williamson, three of the minors to whom it was alleged the defendant sold whisky, were residents of the state of Texas. They came to Hugo to visit David Harrison, the other person to whom it is alleged the sale was made. They testified at the preliminary hearing, returned to their home in Texas, and were not present at the final trial. Harrison also had left the state. Upon a showing of their being outside the state, the trial court permitted the evidence of David Harrison and Winfred Hembry, taken at the preliminary, to be read in evidence, over the objection of the defendant. Counsel for defendant then offered the testimony of T. F. Williamson, one of the minors in question, taken at the preliminary, which was admitted.

The assignments of error requiring notice are as follows: First, error of the court in admitting a transcript of the evidence of absent witnesses; second, error of the court in making prejudicial statements in the hearing of the jury; third, error of the court in refusing requested instructions; fourth, that the law under which the defendant was convicted is unconstitutional. These assignments will be considered in the order presented.

Upon the first assignment, the defendant complains that there was no showing of diligence to procure the presence of David Harrison, a transcript of whose evidence was used by the state. The record on this point discloses that it was agreed between counsel for the state and defendant that the witness David Harrison had left the state of Oklahoma and was in the state of California. But it was contended by the defendant that the witness had been given consent by the county attorney to leave the state. The record, however, shows that, before leaving the state, the witness Harrison informed counsel for defendant of his

intention, and was referred to the county attorney. He thereupon inquired of the county attorney, who informed him that he was under bond, and that he must be in attendance on the court. There was no error in the admission of the transcript of the evidence of these witnesses.

The second assignment is based on the remarks of the court in ruling upon an objection in evidence. The wife of the defendant testified that the defendant was a carpenter and engaged in doing carpenter work. She was then asked, referring to the defendant and another person:

"Q. Did they do any work for the city of Hugo?

"By Mr. Gross: We object to that. That is immaterial.

"By the Court: I do not see that that has anything to do with it, Mr. Warren. A man could sell whisky and then do carpenter work too."

The remark was highly improper. It is generally said that unfairness on the part of a trial court, whether intentional or not, is sufficient to overturn a verdict, unless it clearly appears from the record that the jury could rationally have arrived at no other verdict. Rogers v. State, 8 Okla. Cr. 226, 127 P. 365; Dupree v. State, 10 Okla. Cr. 65, 134 P. 86; Chambers v. State, 28 Okla. Cr. 156, 229 P. 646.

It is an excellent rule for trial judges, in the trial of criminal cases, to rule upon objections presented without comment, or, if the trial judge deems it proper to explain his ruling, the explanation should be so worded that the jury should not be informed of the opinion of the judge as to the guilt or innocence of the defendant or the credibility of any witness who may testify. Simmons v. State, 31 Okla. Cr. 316, 238 P. 871; Viadock v. State, 30 Okla. Cr. 374, 236 P. 56. However, in the light of all the evidence in this case we believe that this single remark by the court

does not present such error as would warrant a reversal of this case.

The third assignment is based on the refusal of the court to instruct the jury in effect that it was necessary that the jury find beyond a reasonable doubt that the sale of whisky charged was made to all the minors named in the information, and that, if the sale were made to only two or three of them, they should return verdict of not guilty. No argument is made nor authorities cited in support of such assignment, and we know of none that sustains the contention of defendant. Where no authorities are cited in support of an assignment, it will be deemed waived.

The concluding assignment, which is argued at length by the defendant, attacks sections 6996-7, Comp. St. 1921, as unconstitutional. This section being section 3, c. 26, of the Sessions Laws 1913. It is urged that, since the Constitution has fixed the minimum punishment for a violation of the liquor law at a fine of not less than $50 and by imprisonment of not less than 30 days, and since such provisions are self-executing, the same constitutes a violation of the prohibitory law a misdemeanor, and the Legislature is without power to increase the maximum punishment for a violation, so that it will be greater than the law may impose for a misdemeanor, and that, since sections 6996-7, supra, have fixed the punishment for a sale to a minor at a maximum fine of $2,000 and maximum imprisonment at 5 years in the penitentiary, it is therefore unconstitutional, citing Ex parte Smith, 24 Okla. Cr. 415, 218 P. 708.

The contention here made has been decided adversely to defendant in the case of Santino v. State, 29 Okla. Cr. 149, 232 P. 859, where it is held:

"The provisions of the prohibitory liquor laws in the

state Constitution, fixing a minimum punishment at not less than 30 days' imprisonment and not less than a fine of $50, does not deprive the Legislature of power to make a violation of said law a felony, so long as the act of the Legislature conforms to the minimum punishment fixed by the Constitution and is not otherwise objectionable."

We are satisfied that the holding in the Santino Case, supra, is correct, and do not deem it necessary to assign further reasons.

Finding no reversible error, the case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.