GEORGE HOCHDERFER v. STATE.

No. A-7744.   Opinion Filed March 26, 1931.
(297 Pac. 317.)

H. W. Morgan, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter referred to as the defendant, was convicted on a charge of selling intoxicating liquor to Carl Massingale, a minor under the age of 18 years, and was sentenced to pay a fine of $300 and be confined in the county jail for 90 days. From which sentence and judgment the defendant appeals.

The facts in this case show that the officers gave Carl Massingale, who was under the age of 18 years, a dollar to go to the defendant's home and buy whisky from him; that the officers waited on the street near the home of the defendant until the boy came out of the defendant's home and delivered to them the one-half pint of whisky he stated he had bought from the defendant, for which he paid him the dollar; the boy represented to the defendant that he wanted to buy the whisky for his father who was in jail; that as soon as the boy returned to the officers they went to the defendant's home and arrested him, and found on his person the dollar bill they had given the boy to buy the whisky with.

No testimony was offered on behalf of the defendant. At the close of the testimony the defendant moved the

court to instruct the jury not to consider any evidence obtained by reason of the search of the defendant, for the reason that the search was unauthorized and illegal; which motion was overruled, and the defendant duly excepted.

The defendant has assigned several errors as grounds for reversal of his case. He argues that the section of law under which he was tried and convicted is unconstitutional and void, for the reason that it does not provide for a maximum jail sentence. The constitutionality of this section has been decided adversely to the defendant. Trimble v. State, 32 Okla. Cr. 175, 240 Pac. 329.

It is next argued by the defendant that the search of his person by the officer, who did not have a warrant for his arrest, or a search warrant, was illegal and void, and any testimony secured thereby was improperly admitted.

Section 2471, C. O. S. 1921, is in part as follows:

"A peace officer may, without a warrant arrest a person: First, for a public offense committed or attempted in his presence. Second, when the person arrested has committed a felony, although not in his presence. Third, when a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it."

The charge against the defendant in this case is a felony. The testimony of the state shows that the prosecuting witness was a minor under the age of 18 years, and that he bought a half pint of whisky from the defendant, paying $1 for it; the officers saw him go to the defendant's house without any whisky, and when he returned to them he had a half pint of whisky. Under the facts in the case the arrest and search of the defendant was not

a violation of the defendant's constitutional rights. The evidence clearly shows the defendant guilty.

The judgment is affirmed.

CHAPPELL, J., concurs. EDWARDS, J., not participating.