EARNEST WATERS v. STATE.

No. A-10022.   Sept. 30, 1942.
(129 P. 2d 863.)

John W. Hunt and P. B. Garland, both of Ada, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J.   The defendant, Earnest Waters, was charged in the county court of Pontotoc county with the crime of omitting to provide for his minor children, was tried, convicted and sentenced to serve one year in the county jail and pay a fine of $75 and costs, and has appealed.

Two assignments of error are presented in the brief of defendant: First, that the county court was without jurisdiction to try said cause for the reason that the offense, if any, committed by the defendant was a felony; second, punishment is excessive and should be modified.

The prosecution herein was instituted under the provisions of section 1833, O. S. 1931, 21 O. S. 1941 § 852, which provides:

"Every parent of any child who willfully omits, without lawful excuse, to perform any duty imposed upon him by law to furnish necessary food, clothing, shelter or medical attendance for such child is guilty of a misdemeanor."

This statute was adopted from the Dakota Code by the Territorial Legislature.   It appeared as section 2434 in the Revised Laws of 1910 and section 1855 of the Compiled Statutes of 1921.

It is the contention of defendant that the act of the Legislature of 1923, chapter 78, while not expressly naming the act herein as being specifically repealed, did repeal it by implication in that section 4 of the 1923 act repealed all conflicting laws.

Defendant's contention cannot be sustained.   The 1923 act amended chapter 149, Session Laws 1915, and now appears as 21 O. S. 1941 §§ 853 and 855.   This act was directed specifically at the parent who abandons his minor child or children under the age of 15 years and willfully neglects or refuses to maintain or provide for

such child, and further provides that he shall be deemed guilty of felony. The statute under which this prosecution was instituted applies to either parent who willfully omits, without lawful excuse, to furnish necessary food, clothing, shelter or medical attendance to their child or children and makes such offense a misdemeanor. The issue of abandonment is not a condition in a prosecution under the misdemeanor statute. The act of 1923, by its terms, specifically amended sections 1854 and 1856, C. O. S. 1921, 21 O. S. 1941 §§ 851, 853. The act in question (section 1855, C. O. S. 1921, 21 O. S. 1941 § 852) was not mentioned and it apparently was the intent of the Legislature to leave said section alone. Under the misdemeanor statute, if a parent is living with a child and willfully omits to furnish necessary food or medical attention, he has committed a misdeameanor, but if he deserts the same child and refuses to maintain or provide for him, prosecution could be instituted under the felony statute. The desertion of the child by the parent was considered sufficient justification by the Legislature to cause them to make such offense a felony, while the failure to provide the necessities of life without an abandonment of the child was to continue to be a misdemeanor. Of course, if the parent abandons the child and refuses to provide for him, the county attorney, in his discretion, could elect to prosecute under the misdemeanor statute and ignore, for the purpose of the prosecution, the issue of abandonment.

Repeals by implication are not favored. Cox v. Territory, 2 Okla. Cr. 668, 104 P. 378; Hudson v. State, 37 Okla. Cr. 290, 258 P. 352.

In Hudson v. State, supra, the first syllabus provides:

"Repeals of statutes by implication are not favored. It will not be presumed that the Legislature intended to

repeal a prior statute by a later one where it is not so expressed, unless the implication is necessary."

In the body of the opinion it is stated:

"Repeals by implication are not favored, and will not be adjudged unless it necessarily follows from the language used. The presumption is against the intention to repeal unless express terms are used. Particularly is this true where the two acts are not irreconcilable or necessarily inconsistent, but both may be made to stand together. Huston v. Scott, 20 Okla. 142, 94 P. 512, 35 L. R. A., N. S., 721; 25 R. C. L. 918, 919, 921; Chew Heong v. United States, 112 U. S. 536, 5 S. Ct. 255, 28 L. Ed. 770."

We hold that the statute in question is a valid existing statute and the prosecution was correctly maintained under the provisions of that statute.

At the time this cause was assigned for oral argument, the defendant filed a motion to strike the case from the docket for the reason that he had been contributing to the support of his minor children for the last several months to the extent of his earning capacity, and that he desired to continue to do so, and prayed the court to allow the case to lie dormant until the Attorney General or the county attorney of Pontotoc county should request the same to be reset for final determination. Attached to the motion was an affidavit by the wife of the defendant, who was the prosecuting witness, in which she joined in the motion and stated that the defendant was satisfactorily contributing to the support of said minor children, and that if the case should be affirmed and said defendant confined to jail, the children would suffer. The county attorney of Pontotoc county likewise joined in said motion. While such request was unusual in its nature, this court has permitted the case to lie dormant for several months. We now feel that the questions raised

in the briefs should be determined and this cause disposed of upon the dockets of this court.

We have come to the conclusion, in view of the statements of all the parties concerned, that the punishment assessed the defendant should be modified from a term of one year in the county jail and a fine of $75 and costs, to a term of six months in the county jail and a fine of $75 and costs.

This court may not grant clemency. If the defendant is still satisfactorily contributing to the support of his children, such matter may properly be addressed to the chief executive, who may, in his discretion, grant executive clemency to the defendant upon such terms and conditions as he may see fit to impose. The guilt of the defendant was clearly established. The matter of his conduct towards his children subsequent to his conviction is properly a matter for the Governor and not a matter to address to this court.

It is therefore ordered that the judgment of the county court of Pontotoc county be modified by reducing the sentence imposed against the defendant from one year in the county jail and a fine of $75, to six months in the county jail and a fine of $75, and the judgment and sentence of the county court of Pontotoc county, as thus modified, is accordingly affirmed.

BAREFOOT, P. J., and DOYLE, J., concur.