# HARRIGILL v. STATE.

No. A-10998.   Jan. 25, 1950.

(214 P. 2d 263.)

Walter C. Henneberry and John A. Cochran, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, J.   Plaintiff in error, Harry H. Harrigill, defendant below, was charged by information in the district court of Tulsa county, Okla., with the crime of unlawful possession of intoxicating liquor, Title 37, § 31, O. S. A. 1941, and by reason of being a third offender was alleged to be an habitual violator of the prohibitory laws of the State of Oklahoma.   The defendant was tried and convicted by a jury and his punishment fixed at a year and a day in the penitentiary under the provi-

sions of section 14, Title 37, O. S. A. 1941, section 18, chapter 70, Session Laws of 1911, page 165, and judgment and sentence entered accordingly. The charging part of the information alleges:

" * * * that on the 21st day of April, A. D. 1947, in Tulsa County, State of Oklahoma, and within the jurisdiction of this court did unlawfully, wrongfully, wilfully and feloniously, have in his possession certain intoxicating liquor, to-wit: seventy pints and 5 4/5 quarts of assorted tax paid whiskys, with the unlawful intent then and there upon the part of said defendant to barter, sell, give away and otherwise furnish same in violation of the prohibitory liquor laws of the State of Oklahoma; *that defendant is an habitual violator of the prohibition laws of this State, in that heretofore, to-wit*: On the 19th day of November, 1945, said defendant plead guilty to the crime of unlawful possession of intoxicating liquor in the Court of Common Pleas in and for Tulsa County, Oklahoma, and was given a fine of $75.00 and costs and sentenced to serve a term of 30 days in the County jail of Tulsa County, Oklahoma, by Judge Carter Smith, being Case No. 48417; That heretofore, to-wit: On the 10th day of August, 1946, said defendant plead guilty to the crime of unlawful possession of intoxicating liquor in the Court of Common Pleas in and for Tulsa County, Oklahoma, and was given a fine of $200.00 and costs and sentenced to serve a term of 60 days in the county jail of Tulsa County, Oklahoma, by Judge Carter Smith, being case No. 49714, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State."

As to the foregoing charge and conviction the defendant urges six assignments in his brief, none of which are of substantial merit or decisive of the issues herein, except the last one. To discuss any of the other assignments under the conditions herewith presented would constitute nothing more than judicial dicta, would serve no

useful purpose, and would unduly lengthen this opinion.

The last assignment urged by the defendant is that Sec. 14, Title 37, O. S. A. 1941, S. L. 1911, page 165, Chapter 70, § 18, was repealed by § 2, Chapter 26, S. L. 1913, page 46, O. S. A. 1941, Title 37, § 12.

The foregoing contention is predicated upon the following statutory enactments. Section 12, O.S.A. 1941, Title 37, was first enacted in substance in the 1911 Session Laws, chapter 70, § 16, and before amendment read as follows, to wit:

"For the second conviction for the violation of any of the provisions of this act, the penalty shall be a fine of not less than five hundred dollars nor more than one thousand dollars, and by imprisonment for not less than six months nor more than twelve months, and it shall be mandatory upon the trial judge, in cases where anyone has been convicted under any of the provisions of this act, to pronounce sentence within 10 days from the date of conviction."

Section 18 of the Session Laws of 1911, chapter 70, page 165, as the same appears in section 14, Title 37 O. S. A. 1941, reads as follows, to wit:

"Any person violating any provision of the laws of this state enacted for the suppression of the liquor traffic, commonly called the prohibition laws, who has theretofore been twice convicted for the violation of any of the provisions of such laws, shall be guilty of being 'an habitual violator of the prohibition laws of this state,' and shall be so charged in the presentment, or indictment, or information, along with the violation of the law, and be tried in the court having jurisdiction of felonies, and upon conviction thereof shall be punished by imprisonment in the penitentiary of this state for not less than one year nor more than five years."

Thereafter, in Session Laws 1913, chapter 26, § 2, page 46, the foregoing § 16, chapter 70, Session Laws 1911, page 165, supra, was amended to read as the same now appears in section 12, 37 O. S. A. 1941, as follows, to wit:

"For the second and all subsequent convictions for the violation of any of the provisions of this act, the penalty shall be a fine of not less than fifty ($50.00) dollars, nor more than two thousand ($2,000.00) dollars, and by imprisonment of not less than thirty (30) days in the county jail, nor more than five (5) years in the State Penitentiary, * * *."

So far as the prohibitory laws of the state were concerned relative to habitual violators, these statutes constitute the whole of the subject matter in relation to habitual violators and the penalties provided therefor. An analysis of the subject matter of the foregoing acts makes it apparent that section 14, Title 37 O. S. A. 1941, S. L. 1911, chapter 70, § 18, page 165, is a special act designed to define a new offense, that of "an habitual violator of the prohibition laws of this state". To the contrary, Title 37 O. S. A. 1941 § 12, S. L. 1913, chapter 26, § 2, page 46, is a general act designed to apply to the whole subject matter of habitual violators of the liquor prohibition act. It is not single in its classification, but may be applied in cases predicated on convictions involving manufacture, sale, transportation, possession, etc., of intoxicating liquor. Section 12, Title 37 O. S. A. 1941, does not create or define a new offense but has been held merely to enhance the punishment against those charged and convicted of any second or subsequent offenses of the prohibitory laws. Hildebrandt v. State, 19 Okla. Cr. 30, 197 P. 852.

It is interesting to note the reason which gave rise to the amendment to sec. 16, S. L. 1911, page 165, as amended, as the same now appears in Title 37, O. S. A.

1941 § 12. Section 16, S. L. 1911, chapter 165, was enacted and approved on March 11, 1911. As it appeared therein it provided the minimum penalty for violations thereof should not be for less than a $500 fine, and by imprisonment for not less than 6 months. The minimum penalty therefore was in excess of that provided in the Constitution, art. 1, § 7, providing a minimum penalty of a fine of not less than $50 and by imprisonment for not less than 30 days in all offenses involving the (1) manufacture, (2) sale, barter, give away, (3) or otherwise furnishing any intoxicating liquor of any kind, or the (4) advertising for sale of, soliciting the purchase of any liquors, or (5) who shall ship or convey such liquors. It should be remembered also that the foregoing provisions as they appear in the Constitution are almost identical with the provisions of the prohibition ordinance, O. S. A. 1941, page 115. It therefore appears that the provisions of sec. 12, 37 O. S. A. 1941, before being amended, being applicable by way of enhancing the punishment for all the offenses enumerated in the constitutional provision providing a greater minimum penalty than provided in the Constitution was in conflict therewith and void. The situation in regard to the necessity that such acts, as the one under consideration, should contain the minimum penalty provision of the Constitution, was first called to the attention of the Legislature by the case of Nowakowski v. State, 6 Okla. Cr. 123, 116 P. 351. This was a case involving the statute approved March 9, page 164, S. L. 1909, prohibiting the sale of intoxicating liquor to any minor, or person of unsound mind, etc., and fixing the punishment for violation thereof at imprisonment in the penitentiary at not less than one year and no more than five years. Therein this court said:

"The prohibitory provision of the Oklahoma Constitution is self-executing, and declares that the unlawful sale of intoxicating liquor shall be punished by a fine of not less than $50 and imprisonment for not less than 30 days. An act of the Legislature approved March 9, 1909, Session Laws 1909, p. 164, provides that the punishment for selling intoxicating liquor to a minor shall be imprisonment in the penitentiary for a term of not less than one nor more than five years. Held, that the constitutional provision is all-embracing in its terms and includes a sale to a minor; that the Legislature cannot remit the constitutional requirement that the offense shall be punished by a fine of not less than $50; that, while the Legislature may fix the maximum punishment for the offense, it cannot change the minimum punishment which the Constitution has fixed; and that the act is therefore unconstitutional and void."

And in the body of the opinion:

"The constitutional provision is all-embracing in its terms, * * *.

"The Constitution has fixed the minimum punishment for this offense, and the Legislature, while it may fix the maximum punishment, is nevertheless powerless to change that which the Constitution has fixed."

The holding that the constitutional provision is all embracing has been followed many times by this court. Ex parte Smith, 24 Okla. Cr. 415, 218 P. 708; Santino v. State, 29 Okla. Cr. 149, 232 P. 859; Trimble v. State, 32 Okla. Cr. 175, 240 P. 329.

Thereafter in Session Laws 1913, Chapter 26, § 3, page 46, 37 O. S. 1941 § 5, the Legislature amended the hereinbefore referred to act of March 9, S. L. 1909, page 164, and fixed the penalty for the sale or furnishing of liquor to minors, lunatics or drunkards at the minimum provided in the Constitution of a fine of not less than $50 and by imprisonment at not less than 30 days. This

was in keeping with the constitutional provision as to minimum punishment. As applied to the case at bar this matter was called to the attention of the Legislature that all acts looking toward the enforcement of the constitutional prohibition act should contain the minimum penalties as provided in the Constitution. Hence, the act of March 8, S. L. 1913, page 46, chapter 26, sec. 2, amending sec. 16, chapter 70, S. L. 1911, page 64, providing the minimum penalty to conform with the constitutional provision. The Legislature reasoned that since sec. 2, chapter 26, page 46, Session Laws 1913, section 12, Title 37 O. S. A. 1941, is applicable to and designed to enhance the punishment of second violations of the provisions of the prohibition act, it must of necessity have contained the minimum penalty of a fine of not less than $50 and by imprisonment for not less than 30 days as provided in the Constitution. But the Legislature did not stop there. They further amended the provisions of sec. 16, chapter 70, S. L. 1911, page 165, section 12, Title 37 O. S. A. 1941, by making the section applicable not only to second convictions but inclusive of "all subsequent convictions". Moreover, it extended the limits of the penalty to include the minimum of a fine of not less than $50 and imprisonment at not less than 30 days in jail as provided in the Constitution and extended the maximum to the limit of five years included in the third offender statute as the same appears in Session Laws 1911, chapter 70, § 18, page 165, Title 37 O. S. A. 1941 § 14. Section 12 as amended in 1913 in its scope contained all that section 14, supra, contained, and in addition thereto provided the minimum penalty required under the Constitution. It contained all, except the dry bone of definition "an habitual violator of the prohibition laws of this state". The language of section 12, Title 37 O. S. A. 1941, in effect, is to encompass all that was contained in section

14. It conclusively appears that section 12, Title 37, O. S. A. 1941, is all embracing as to second and all subsequent violations of the liquor prohibition act. Hence the defendant's contention that section 14, of Title 37 O. S. A. 1941, as enacted in Session Laws of 1911, chapter 70, page 165, § 18, was repealed by implication by the terms of Title 37 O. S. A. 1941 § 12, S. L. 1913, chapter 26, § 2, page 46, is meritorious. We think it conclusively appears the Legislature sought by section 2, chapter 26, Session Laws 1913, page 46, Section 12, Title 37 O. S. A. 1941, to amend the provisions of section 16, chapter 70, S. L. of 1911, page 165, section 12, Title 37 O. S. A. 1941, and repeal section 18 in relation to persistent, continuous and habitual offenders, so as to bring second and "all subsequent offenders" within its provisions and to make the penalties for enhanced punishment therein contained, not only conform to the constitutional minimum, but extend to the five year maximum provided in section 18, chapter 70, Session Laws 1911, page 165, section 14, Title 37 O. S. A. 1941. The legislative intent is clear that a repeal of Session Laws 1911, chapter 70, § 18, page 165, section 14, Title 37 O. S. A. 1941, was intended. There remains but one further consideration. Will the law sustain such repeal? The amendment to section 16, chapter 70, S. L. 1913, § 2, page 46, contains no clause expressly repealing section 18, Session Laws 1911, page 165, supra, or all laws in conflict with said section 2, Session Laws 1913, page 46, chapter 70, § 2. Hence, if the said section 18, Session Laws 1911, page 165, section 14, Title 37 O. S. A. 1941, was repealed by the amendment to section 16, Session Laws 1913, page 46, chapter 26, § 2, such repeal was by implication. We are not unmindful that repeals by implication are not favored in the law. Lovejoy v. State, 18 Okla. Cr. 335, 194 P. 1087; Hudson v. State, 37 Okla. Cr. 290, 258 P. 352, 354;

Waters v. State, 75 Okla. Cr. 185, 129 P. 2d 863; Ex parte Sweeden, 84 Okla. Cr. 127, at page 132, 179 P. 2d 695, at page 697, wherein this court said:

"We are familiar with the oft announced rule that repeals of statutes by implication are not favored but it is also well settled that the Legislature may, within constitutional limitations, express its will in any form which it sees fit and a repeal is effected where the intent to repeal is clearly evidenced; and where two statutes cover the same subject and the statute last adopted is repugnant to and irreconcilable with the provisions covering the same subject in the first statute, the latest expression of the Legislature will govern. City of Pawhuska v. Pawhuska Oil & Gas Company, 64 Okla. 214, 166 P. 1058; James v. Board of Commissioners of McCurtain County, 103 Okla. 141, 229 P. 554; Hines et al. v. Harmon, 178 Okla. 1, 61 P. 2d 641."

In Rich v. State, 61 Okla. Cr. 148, 66 P. 2d 950, 953, this court said:

"In re James, 4 Okla. Cr. 94, 111 P. 947, 949, this court says:

" 'The rule that a later statute, general in its terms and broad enough to include matters provided for by a former special act, will ordinarily not affect the special provisions of such former act, is not a provision of substantive law, but is merely one rule for determining the legislative intent; and when it is apparent that the Legislature intended to make the later act exclusive, designed it to cover the whole subject-matter to which it relates, and to embrace the entire law on the subject, it will repeal the repugnant provisions of all former acts, general or special. "When an earlier statute is special only in the sense that it applies to a single case, of which there are many in the state, and the later statute is general in its operation and applies to all such cases, then the earlier one is repealed by the later." 26 Am. & Eng. Enc. L. 743.

" 'See, also, Southport v. Ogden, 23 Conn. 128; Coe v. Meriden, 45 Conn. 155; Nusser v. Com., 25 Pa. 126. Thus it is said in 1 Lewis' Sutherland on Statutory Construction, § 276:

" 'The question is one of intent. There is no rule of law which prohibits the repeal of a special act by a general one, nor is there any principle forbidding such repeal without the use of words declarative of that intent. The question is always one of the intention, and the purpose to abrogate the particular enactment by a later general statute is sufficiently manifested when the provisions of both cannot stand together. * * *' ".

The foregoing rule is clearly applicable to the situation confronting the court in relation to the repeal of section 18, chapter 70, Session Laws 1911, page 165, section 14, Title 37 O. S. A. 1941. The aforesaid section 12, the later act as amended, was passed and approved March 8, 1913, while section 14 was passed and approved on March 11, 1911. We believe that the later act was intended by the Legislature to be exclusive, and designed it to cover the whole subject matter in relation to the habitual violators of the liquor prohibition act. Had this not been true the Legislature would not have employed the language "for the second and all subsequent convictions for the violation of any of the provisions of this act". That language is general in its application to all violations of the act whether it be a second conviction, a third conviction or convictions in any number beyond the second conviction. No one can rightly contend that the Legislature intended to single out third offenders for special treatment as distinguished from fourth or fifth offenders. Such an analysis shows the untenable nature of the contention advanced by the state that because section 18, chapter 70, Session Laws 1911, page 165, section 14, Title 37 O. S. A. 1941, defines a new offense it should

be permitted to stand. To so hold would be to ignore the plain intent of the all embracing character of section 12, Title 37 O. S. A. 1941, relative to habitual violations of the prohibition act. Moreover, the minimum penalty provided in section 18, chapter 70, Session Laws 1911, page 165, section 14, Title 37 O. S. A. 1941, is in irreconcilable conflict with the minimum provided in both the Constitution, art. 1, § 7, and in section 2, chapter 26, Session Laws 1913, page 46, sec. 12, Title 37 O. S. A. 1941. There can be no doubt that it was clearly the intention of the Legislature to repeal section 18, chapter 70, Session Laws 1911, page 165, section 14, Title 37 O. S. A. 1941, by amending section 16, supra, in section 2, chapter 26, Session Laws 1913, page 46, section 12, Title 37 O. S. A. 1941. The only remaining question, then, is one of authority so to do. In Phinney v. State, 90 Okla. Cr. 21, 210 P. 2d 205, 206, it was said:

"In construing two statutes relating to same subject, later statute purporting to revise entire subject matter and containing additional provisions for carrying into effect same objects, will be construed to repeal by implication the former statute although no reference is made thereto."

See, also, Ex parte Olden, 88 Okla. Cr. 56, 199 P. 2d 228.

As was said in Re James, supra, the question is one of intent, and since there is no rule of law which prohibits the repeal of a special act by a general one, nor any principle forbidding such repeal without the use of words declarative of that intent, and that intent having been manifested in such way as to indicate the purpose of the Legislature was to make the later act a substitute for the former act, there is nothing for the court to do but to sustain the repeal of the former act by implica-

tion as contained in the later act. We therefore hold that section 12, Title 37 O. S. A. 1941, S. L. 1913, page 46, chapter 26, § 2, was intended to and did repeal section 14, Title 37 O. S. A. 1941, S. L. 1911, page 165, chapter 70, § 18, even though no express reference was made thereto in the Act of 1913. It was within the power of the Legislature so to do. The trial court instructed the jury under the provisions of section 14, Title 37 O. S. A. 1941, to the effect that the minimum penalty that could be imposed was not less than one year. Therefore, under the conditions hereinbefore set forth, it was error so to do, said section 14, Title 37 O. S. A. 1941, so providing having been repealed as hereinbefore set forth.

The prosecuting officer indicated, at the time of oral argument, that the reason this case was alleged under the third offender statute, section 14, Title 37, O. S. A. 1941, was because of the validating act of 1943, page 252, 75 O. S. Supp. § 114, validating all acts contained in the 1941 statutes. Section 14, Title 37 O. S. A. 1941, was therein contained; he operated under the belief that the statute became a valid act. Such is not the case, however, as was said in Ex parte Olden, supra, in the body of the opinion, 199 P. 2d at page 237, as follows:

"In the case of Thomas v. State, supra [83 Okla. Cr. 25, 172 P. 2d 651], this court laid down the following rules of law as shown by the syllabus:

" '3. Sec. 2, chap. 4, Tit. 75, p. 457, Oklahoma Session Laws of 1941, 75 O. S. 1941 § 102, instructs the codifiers of the 1941 statutes to not include in their compilation "laws held unconstitutional by the highest courts," and to "eliminate" all repealed laws.

" '5. Where one was authorized to codify existing laws but the authority was expressly withheld to include any statute which had been "repealed" or "held unconstitutional by the highest courts," and such a statute was in-

advertently included, adoption of the statutes did not have effect of validating the statute inadvertently included.' "

This however, will not end this prosecution. The evidence of the defendant's guilt herein is clear and conclusive, and the information is entirely sufficient to allege second and subsequent offenses. A new trial is hereby ordered to be granted the defendant, and the issues submitted to the jury under the provisions of section 12, Title 37 O.S.A. 1941, covering second and all subsequent violations of any of the provisions of the prohibition act. The case is accordingly reversed, with directions to retry the defendant under the same information, and to instruct the jury under the provision of said section 12.

JONES, P. J., and POWELL, J., concur.