1999 OK CIV APP 103

**Ronald Dean LOWE, Plaintiff/Appellant,**

v.

**Michael CRABTREE and Bobby Boone, Defendants/Appellees.**

No. 91,980.

Court of Civil Appeals of Oklahoma, Division No. 1.

June 3, 1999.

Certiorari Denied Oct. 5, 1999.

Ronald Dean Lowe, Hominy, Oklahoma, Appellant, pro se.

Barbara C. Stoner, Oklahoma City, Oklahoma, For Appellee.

### OPINION

CARL B. JONES, Chief Judge:

¶1 This is an appeal by Ronald Dean Lowe, an inmate under the control of the

Oklahoma Department of Corrections, from the grant of summary judgment in favor of Appellees, Michael Crabtree and Bobby Boone. At the times relevant to this action Lowe was serving a life sentence without parole at the Mack Alford Correctional Center, while Crabtree was a Unit Manager and Boone was Warden at that institution.

¶ 2 The sequence of events leading to this point began when Appellant sent the following letter to Ronald Anderson, Assistant General Counsel for the Department of Corrections:

> Should the litigant [Lowe] be forced to terminate the life of one of the "minority" cell partners that the Department of Corrections believes that the litigant can and will tolerate, the litigant will ensure that one (1) or more officials from the Department are similarly prosecuted for "depraved indifference" or "reckless endangerment" *capital murder.*
>
> The litigant has been persecuted equally by both minority and "white trash" elements and has developed a psychological aversion to same. Therefore, I am totally intolerant of, particularly, the minority factions.

¶ 3 Upon receipt of this letter, the unit manager, Crabtree, issued a Misconduct Report charging Appellant with the offense of "menacing" with the DOC Offense Code 05–2. This is defined in the Department of Corrections Policy and Operations Manual as "Assault; any willful attempt or threat to inflict injury upon the person of another."

¶ 4 Lowe was found guilty of this charge at a disciplinary hearing. The disciplinary hearing report states the evidence relied on by the hearing officer was "Inmates own admission that he did write the letter to Ron Anderson ... that appears to be a threat to another inmate at MACC." The punishment imposed was 30 days disciplinary segregation and a fine of $50.00.

¶ 5 The findings, conclusion and punishment were appealed to the warden, Boone, who denied relief. Administrative appeal followed with the same result. The order affirming states: "Based on the contents of the letter which you admitted writing, staff had reasonable belief that you intended to do harm to a minority cell partner. The letter was construed as a threat, which was sufficient evidence relied on for the filing of the Offense Report and subsequent finding of guilt. The punishment imposed was not considered excessive, as it was within the range of allowable sanctions for a Class A offense."

¶ 6 An action was then brought in the district court against Crabtree and Boone, the Appellees. Appellant alleged the Defendants/Appellees were acting under color of state law and that they violated his constitutional right of due process at the hearing and on appeal. Appellant contended that threats do not constitute "menacing"; the state did not show an intent to perform the act; and, the state failed to prove the threat beyond a reasonable doubt.

■ ¶ 7 Crabtree and Boone filed a Motion to Dismiss/Motion for Summary Judgment. They argued the procedural due process requirements mandated in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), and the "some evidence" standard set forth in *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985), had been met. This Court reviews summary judgment by the de novo standard. *Kirkpatrick v. Chrysler Corp.*, 1996 OK 136, 920 P.2d 122, 124.

■ ¶ 8 The rights of prisoners facing disciplinary proceedings was discussed at length in *Wolff v. McDonnell, supra.* Disciplinary proceedings "... are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff,* at 2975. An inmate is entitled to advance written notice of the charges; an opportunity (when consistent with institutional goals) to call witnesses and present documentary evidence in his defense; and, a written statement by the fact finder as to the evidence relied upon and the reasons for the disciplinary action. *Wolff,* at 2979.

■■ ¶ 9 Appellant was afforded a disciplinary hearing with all the due process that is required by *Wolff.* He received advance written notice of the charges and was granted an impartial disciplinary hearing. Appel-

lant testified in his own behalf and admitted writing the letter that resulted in this disciplinary proceeding. It was no stretch to find his letter was a willful threat to injure another. Although Appellant insists upon another interpretation, the letter certainly meets the "some evidence" test of *Massachusetts Correctional Institution, supra.*

¶ 10 No violation of due process is found, nor is any other reversible error identified. The judgment appealed is accordingly affirmed.

¶ 11 AFFIRMED.

¶ 12 HANSEN, P.J., dissents with separate opinion; ADAMS, J., concurs.

CAROL M. HANSEN, Presiding Judge: dissenting.

¶ 1 I must respectfully dissent. The majority, as do Appellees in their appellate brief, ignore the definitive issue in this case, *i.e.,* whether the evidence establishes Lowe committed the offense with which he was charged. Lowe's contention is not that he was denied *procedural* due process under *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), but that his actions in writing the letter in controversy did not constitute an assault. I believe, under the facts and circumstances present here and for the reasons that follow, Lowe's conduct is not punishable as an assault.

¶ 2 It is clear the disciplinary officer who imposed punishment, and each of the reviewing officials, including the trial court, found punishment was appropriate solely due to a violation of offense number 05–2, assault. Nothing in the record indicates any official considered another offense, or that Lowe was informed any other offense was being considered. Notwithstanding Lowe's continuing protestations that his actions did not amount to assault, each official also failed to address this contention and unwaveringly adhered to the definition of assault set forth in the Department of Correction Policy and Operations Manual. However, that definition is incomplete and therefor inconsistent with our law.

¶ 3 Attachment A of the DOC Policy and Operations Manual lists 05–2 assault under the general category of Menacing offenses

and then, somewhat parenthetically, adds the phrase, "any willful attempt or threat to inflict injury upon the person of another." This language is word for word identical to the first part of the definition of assault in Black's Law Dictionary (6th ed.1990). The complete definition in Black's then, however, goes on to provide the other requisite elements of assault, as follows:

> Any willful attempt or threat to inflict injury upon the person of another, *when coupled with* an apparent present ability so to do, and any intentional display of force as would give the victim reason to fear or expect immediate bodily harm, constitutes an assault. (Emphasis added).

¶ 4 It is unclear whether the Department of Corrections sought to redefine assault, or whether it was merely economizing space in its manual, but in either case, the result has been to provide fatally incorrect guidance to those involved in its disciplinary process. Appellees have not provided any legal authority, and I am aware of none, which would allow the DOC to give new meaning to a word of art which has been clearly defined by our Legislature and this state's highest court.

¶ 5 Black's definition of assault comports to our own law of assault, which is defined at 21 O.S.1991 § 641 as "... any willful and unlawful attempt or offer with force or violence to do a corporal hurt to another." The Oklahoma Court of Criminal Appeals has construed § 641 to require that the offending actions must be "sufficient to cause a well-founded apprehension of immediate peril." *Dunbar v. State,* 75 Okla.Cr. 275, 131 P.2d 116 (1942). That Court also held in an early opinion it is not an assault to threaten by words, without an overt act or offer, or attempt to hit. *Crilley v. State,* 15 Okla.Cr. 44, 181 P. 316 (1919).

¶ 6 It seems axiomatic our law requires assault to be committed in the presence of the intended victim. It is equally clear the intended victim cannot form a well-founded apprehension of immediate peril if he or she is unaware of the threatening conduct. There is nothing in the record to show any potential victim of Lowe's threat was ever aware of it.

¶ 7 In *Superintendent, Massachusetts Correctional Institution v. Hill,* at 454, 105 S.Ct.

2768, the United States Supreme Court held, "[t]he fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact". In this case, there is *no* basis in fact to establish Lowe has committed an assault as that offense has been defined in this jurisdiction's law. The trial court erred in finding the involved Department of Corrections officials had acted properly. Crabtree and Boone were not entitled to summary judgment as a matter of law.

¶ 8 My views above should not be construed to hold Lowe is not subject to punishment if appropriately charged. I am keenly aware of the need to show deference to the opinion of prison administrators regarding how to maintain internal security. *Mitchell v. Maynard,* 80 F.3d 1433 (10th Cir.1996). Such conduct as Lowe's letter here may be lawfully proscribed by corrections authorities, and I believe it comes under offenses already listed in the attachment to the Policy and Operations Manual. It is just not an assault.

¶ 9 I would reverse trial court's judgment and remand this matter for further proceedings consistent with my stated views.